IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JAIME TARANGO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:21-CV-00081 |
| | § | |
| LOUIS NICHOLAS, JR. | § | |
| and FOCUS TRANSPORT, LLC, | § | |
| | § | |
| Defendants. | § | |

## FOCUS TRANSPORT, LLC'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Comes now defendant Focus Transport, LLC ("Focus"), and hereby files this, its Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1446. In support thereof, Focus respectfully shows as follows:

## I. THE STATE COURT ACTION AT ISSUE.

1. On or about February 17, 2021, a civil action was commenced in the County Court of Law Number Three of El Paso County, Texas by the filing of an original petition bearing the caption: *Jamie Tarango v. Louis Nicholas, Jr. and Focus Transport, LLC*, Cause No.: 2021DCV0560 (hereinafter referred to as the "State Court Action"). As of the date of the filing of this notice of removal, the following papers and pleadings are contained in the State Court Action which are attached hereto as Exhibit A: 1. Plaintiff's Original Petition and Jury Demand, 2. Citation and Affidavit of Service related to Focus Transport LLC, 3. Defendant's, Focus Transport LLC, Motion to Transfer Venue to Winkler County, Texas; 4. Subject to Defendant's Motion to Transfer Venue to Winkler County, Texas Defendant's, Focus Transport LLC, Original Answer, and

Affirmative Defenses to Plaintiff's Original Petition. *See* Ex. A, Copies of State Court Action Pleadings.

2.      The State Court Action is a personal injury suit involving an alleged motor vehicle accident ("the Accident") which occurred in Winkler County, Texas on or about March 3, 2019. *See* Ex. B, Crash Report at Pg. 2.

3.      Focus was served with a copy of the citation and petition in the State Court Action on Wednesday, March 3, 2021. *See* Ex A, Aff. Serv. As such, this notice of removal is filed within thirty (30) days of receipt of the petition and is timely filed under 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b) (2011).

4.      No hearings have been scheduled in the State Court Action. A jury trial was requested by the Plaintiff in the State Court Action. *See* Ex A, Pl.'s Orig. Pet. at Pg. 8-9.

**II.      GROUNDS FOR REMOVAL – COMPLETE DIVERSITY OF CITIZENSHIP**

5.      Subject matter jurisdiction exists pursuant to section 1332, Title 28 of the United States Code, diversity jurisdiction. *See generally* 28 U.S.C. § 1332 (2011).

6.      Pursuant to section 1332, the district courts have original jurisdiction over all civil actions arising between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. *See Id*., *generally*; *see also Alsobrook v. GMAC Mortg., L.L.C.*, 541 Fed. Appx. 340, 342 (5th Cir. 2013).

7.      Diversity must exist at the time a lawsuit is commenced. *See Coury v. Prot*, 85 F.3d 244, 248-49 (5th Cir. 1996).

8.      A corporation is considered a citizen of (1) every U.S. State and foreign state where it is incorporated, and (2) the U.S. State or foreign state where it has its principal place of business as per 28 U.S.C. § 1332(c)(1). *See* 28 U.S.C. § 1332(c)(1) (2011).

9.     The citizenship of a limited liability company, however, is determined by the citizenship of all its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-81 (5th Cir. 2008).

10.    Focus is a limited liability company whose three members are citizens of the State of Louisiana.  *See* Ex. C, Cert. of Form.  Focus has three individual members who are Chad Ferris, Kevin Guillory and Marcus Young who are all citizens and residents of the State of Louisiana. *See Id.*  Chad Ferris, Kevin Guillory and Marcus Young are not citizens or residents of the State of Texas.  *See Id*.

11.    Defendant, Louis Nicholas Jr. ("Defendant Nicholas"), is an individual whose domicile is 456 Roger Road, Lafayette, LA 70507.  *See* Ex A, Pl.'s Orig. Pet. at ¶ 4.  Defendant Nicholas is a citizen of the State of Louisiana.  *See Id*.  Defendant Nicholas does not join in the instant Notice of Removal because as of the date of the filing of the instant Notice of Removal, Defendant Nicholas has not been served with process in the State Court Action and thus he is not required to join in the instant Notice of Removal.  *See* 28 U.S.C. § 1446(b)(2)(A) (2011); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.9 (5th Cir. 1988) (citing *Pullman v. Jenkins*, 305 U.S. 534, 59 S. Ct. 347, 83 L. Ed. 334 (1939)); *see also Jones v. Houston Indep. School Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992).

12.    Plaintiff, Jamie Tarango, ("Plaintiff"), is an Individual whose domicile is 7945 La Jolla Dr. El Paso, Texas 79915.  *See* Ex A, Pl.'s Orig. Pet. at ¶ 2.

13.    Removal of the State Court Action therefore is proper under 28 U.S.C. Section 1441, since it is a civil action brought in a state court.  *See* 28 U.S.C. § 1441 (2011).  The federal district courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. Section 1332 because Focus and Defendant Nicholas are diverse in citizenship from the Plaintiff.  *See* 28 U.S.C. § 1332(a) (2011).

### III.    GROUNDS FOR REMOVAL – JURISDICTIONAL AMOUNT

14.    Upon information and belief, the amount in controversy in this action exceeds, exclusive of interest and costs, the sum of $75,000.  *See* 28 U.S.C. § 1332(a) (2011).  To be clear, the specific amount of damages is not specified in Plaintiff's petition.  *See* Ex. A, Pl.'s Orig. Pet. at ⁋ 7.  If the complaint does not allege a specific amount of damages, then "the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount."  *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  The Fifth Circuit has held that when the petition alleges extensive injuries, it is facially apparent that the amount in controversy exceeds $75,000.  *See Hernandez v. USA Hosts, Ltd.*, 418 F. App'x 293, 294-95 (5th Cir. 2011).  "If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy."  *Saenz v. Pradad*, No. EP-16-CV-00509-DCG, 2017 U.S. Dist. LEXIS 223757, at *4 (W.D. Tex. February 3, 2017) (quoting *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

15.    Here, the State Court Action concerns an alleged vehicular accident involving a commercial vehicle and the vehicle operated by the Plaintiff.  *See* Ex. A, Pl.'s Orig. Pet at ⁋ 10; *see also* Ex. B, Crash Report at Pg. 2-4.  The vehicles involved in the alleged accident are Focus's commercial vehicle and Plaintiff's personal vehicle.  *See Id*.

16.    Plaintiff alleges that he incurred "severe personal injuries" as a result of the Accident.  *See Id*. at ⁋ 14.  Specifically, Plaintiff alleges to have experienced injuries to his "low back, upper back pain[,] and pain on both shoulders."  *See Id.* at ⁋ 20.  Following the accident, Winker County EMS was dispatched and transported Plaintiff to Winkler County Memorial Hospital in Kermit, Texas.  *See* Ex. B, Crash Report at Pg. 5.  Later, Plaintiff's vehicle was towed by Winkler County Towing to S. Hwy 18, in Kermit, Texas.  *See Id*. at Pg. 4.

17.     Plaintiff alleges that as a result of the Accident, he sustained "*severe painful* bodily injuries" which will require "*extensive* medical treatment and will require *significant* physical rehabilitation."  Ex. A, Pl.'s Orig. Pet. at ⁋ 16 (emphasis added).  Plaintiff also alleges that his injuries "incapacitated [him] from pursuing [his] usual employment and other activities[] and may continue to require medical treatment."  *See Id*. at ⁋ 17.  Plaintiff is also seeking recovery of exemplary damages.  *See Id*. at ⁋ 19.

18.     Plaintiff's petition seeks the following elements of damages: 1. Reasonable medical care and expenses in the past and future, 2. Past and future physical pain and suffering, 3. Past and future physical impairment, 4. Past and future loss of earning capacity. 5. Past and future loss of household services, 6. Past and future disfigurement, 7. Past and future mental anguish, and 8. Past and future loss of consortium.  *See Id*. at ⁋ 20.

19.     Based on the nature of the Accident and the severity of the injuries and damages which Plaintiff alleges in the State Court Action, it is facially apparent (as well as more likely than not) that Plaintiff is seeking monetary damages in excess of $75,000.  *See generally Id.*; *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d at 1253-54.  While Plaintiff's petition alleges he is seeking damages below $100,000, that same allegation demonstrates he is not precluding himself from seeking to recover damages in excess of $75,000 but below $100,000.  *See* Ex. A, Pl's Orig. Pet. at ⁋ 7.  That same allegation also demonstrates Plaintiff is impliedly alleging recovery of damages anywhere in the range of $75,000 to $99,999 which is a range that satisfies the jurisdictional requirement of 28 U.S.C. § 1332(a).  *See* 28 U.S.C. § 1332(a) (2011).

## IV.     OTHER REMOVAL MATTERS

20.     Focus reserves the right to amend or supplement this Notice of Removal.

21.     Pursuant to section 1441(a), venue of the removed action is proper in this Court as it is this district which embraces the place where the State action is pending.  *See* 28 U.S.C. 1441(a) (2011).

22.     True and correct copies of all process, pleadings, and any Orders served in the state court action are being filed with this Notice of Removal, as required by section 1446(a).  *See* Ex. A, Certified Copies of State Court Action Pleadings.

Accordingly, Focus Transport LLC, pursuant to and in conformity with the requirements set forth in 28 U.S.C. § 1446, respectfully removes Cause Number 2021DCV0560 from the County Court at Law Number Three of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division.

Respectfully submitted,

RINCON LAW GROUP, P.C.
1014 N. Mesa, Suite 200
El Paso, Texas 79902
(915) 532-6800 (Telephone)
(915) 532-6808 (Facsimile)

By:     */s/ Sergio E. Chavez*
CARLOS RINCON
Texas State Bar No. 16932700
CRincon@ RinconLawGroup.com
SERGIO E. CHAVEZ
State Bar No. 24031939
SChavez@rinconlawgroup.com

Attorneys for Focus Transport, LLC

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document was served on the parties through their counsel of record, as follows, on this _31st day of March 2021.

Carlos M. Quiñonez
QUIÑONEZ LAW FIRM, PLLC
11890 Vista Del Sol Dr, Ste A-115
El Paso, Texas 79936
(915) 533-0009 (Telephone)
(888) 301-1116 (Facsimile)
carlos@quinonezlawfirm.com

Attorney for Plaintiff

☒ *Via Electronic Service*
☐ *Via Facsimile Transmission*
☐ *Via E-Mail*
☐ *Via Certified Mail, RRR*
☐ *Via USPS First Class*
☐ *Via Hand Delivery*
☐ *Via Commercial Delivery Service*

*/s/ Sergio E. Chavez*
SERGIO E. CHAVEZ

Exhibit A-To Notice of Removal

NO. _____

| | | |
|---|---|---|
| **JAIME TARANGO** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **LOUIS NICHOLAS JR. AND FOCUS** | § | |
| **TRANSPORT, LLC** | § | |
| **Defendants.** | § | **OF EL PASO COUNTY, TEXAS** |

<u>**PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **NOW COME** Jaime Tarango, hereinafter called Plaintiff, complaining of and about Louis Nicholas Jr. and Focus Transport, LLC, hereinafter called Defendants, and for cause of action show unto the Court the following:

**DISCOVERY CONTROL PLAN LEVEL**

1.    Plaintiff intend that discovery be conducted under Discovery Level 3.

**PARTIES AND SERVICE**

2.    Plaintiff, Jaime Tarango is an Individual whose address is 7945 La Jolla Dr. El Paso, Texas 79915l

3.    The last three numbers of Jaime Tarango's driver's license number are 548.  The last three numbers of Jaime Tarango's social security number are 957.

4.    Defendant Louis Nicholas Jr., may be served with process at his home at the following address 456 Roger Road, Lafayette, LA 70507. Service of said Defendant as described above can be effected by personal delivery.

1

5.     Defendant Focus Transport LLC is a Louisiana Corporation whose principal place of business location is 116 Lafferty Dr., Broussard, LA 70518.  Service of said Defendant as described above can be effected by delivery to the registered agent Bob Smith at 10504 County Road 490, Tyler, TX 75706.  Defendant Focus Transport LLC is a transportation company that travels throughout the United States.

## JURISDICTION AND VENUE

6.     The subject matter in controversy is within the jurisdictional limits of this court.

7.     Plaintiffs seek monetary relief of less than 100,000.00 including injuries.

8.     This court has jurisdiction over the parties because Defendant is a Texas resident.

9.     Venue in El Paso County is proper in this cause because the Plaintiff lives in this county and no other party resides in Texas.

## FACTS

10.     Mr. Jaime Tarango was driving east on West Hwy.  Defendant Louis Nicholas Jr. attempted to make a U-Turn on West Hwy 302.  By do so, Defendant obstructed the highway and impeded all east bound traffic.  Defendant failed to yield before making said U-Turn.  Defendant's failure to yield caused Mr. Tarango, who was heading eastbound, to strike Defendant's trailer truck. Mr. Tarango suffered injuries as result of this accident.

## PLAINTIFFS' CLAIM OF
## NEGLIGENCE AGAINST  LOUIS NICHOLAS JR.

11.     Defendant Louis Nicholas Jr. had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

12.     Plaintiffs' injuries were proximately caused by Defendant Louis Nicholas Jr.'s negligent, careless and reckless disregard of said duty.

13.    The negligent, careless and reckless disregard of duty of Defendant Louis Nicholas Jr. consisted of, but is not limited to, the following acts and omissions:

      A.    In that Defendant Louis Nicholas Jr. to stop;

      B.    In that Defendant Louis Nicholas Jr. failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

      C.    In that Defendant Louis Nicholas Jr. failed move his motor vehicle in an effort to avoid the collision complained of;

      D.    In that Defendant Louis Nicholas Jr. failed to keep such distance away from Plaintiffs' motor vehicle as a person using ordinary prudent care would have done;

      E.    In that Defendant Louis Nicholas Jr. was operating his motor vehicle at a and obstructed the highway other than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

## PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST FOCUS TRANSPORT LLC

14.    Focus Transport LLC was careless and negligent in the ownership and operation of its motor vehicle with caused Mr. Tarango to suffer severe personal injuries

15.    Focus Transport LLC owed Mr. Tarango a duty to exercise reasonable care when operating the Focus Transport LLC motor vehicle.  Focus Transport LLC breached that duty when it failed to operate Focus Transport LLC motor vehicle in a safe and reasonable manner.

16.    As a direct and proximate result of said collision Mr. Tarango was caused to sustain severe painful bodily injuries, including but not limited extensive medical treatment and will require significant physical rehabilitation.

17.    As a direct and proximate result of the physical injuries sustained by Mr. Tarango in the collision, she has been incapacitated from pursing her usual employment and other activities, and may continue to require medical treatment.

## EXEMPLARY DAMAGES

3

8.      Defendants' Louis Nicholas Jr. and Focus Transport LLC acts or omissions described above, when viewed from the standpoint of Defendants' Louis Nicholas Jr. and Focus Transport LLC at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.  Defendant's Louis Nicholas Jr. and Focus Transport LLC had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

19.     Based on the facts stated herein, Plaintiff request exemplary damages be awarded to Plaintiff from Defendants' Louis Nicholas Jr. and Focus Transport LLC

## DAMAGES

20.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, was caused to suffer injuries to her low back, upper back pain and pain on both shoulders to incur the following damages:

A.      Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in El Paso County, Texas;

B.      Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.      Physical pain and suffering in the past;

D.      Physical pain and suffering in the future;

E.      Physical impairment in the past;

F.      Physical impairment which, in all reasonable probability, will be suffered in the future;

G.      Loss of earnings in the past;

H.      Loss of earning capacity which will, in all probability, be incurred in the future;

I.      Loss of Household Services in the past;

J.      Loss of Household Services in the future;

K.      Disfigurement in the past;

L.      Disfigurement in the future;

M.      Mental anguish in the past; and

N.      Mental anguish in the future;

O.      Loss of Consortium in the past; and

P.      Loss of Consortium in the future.

## REQUEST FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure 198, Defendants are required to make a written response to these requests, **FIFTY-ONE (51) DAYS** after service:

( 1 ) Admit the truth of any matter within the scope of discovery . (2) Admit the truth of any statements of opinion or of fact or of application of law to fact. (3) Admit the genuineness of any documents served with this request or otherwise made available for inspection or copying. (4) Admit or deny each of the attached requests for admissions. **You are also instructed as follows:** ( 1 ) Unless you state an objection or assert a privilege, you must specifically admit or deny the request or explain in detail the reasons that you cannot admit or deny the request. (2) Your response must fairly meet the substance of the request. (3) You may qualify an answer, or deny a request in part, only when good faith requires. (4) Lack of information or knowledge is not a proper response unless you state that a reasonable inquiry was made but that the information or know n or easily obtainable is insufficient to enable the re ponding party to admit or deny. (5) An assertion that the

request presents an issue for trial is not a proper response. (6) You are reminded that if you fail to timely respond, the request is considered admitted without the necessity of a court order. (7) If you deny a request for admission and the Plaintiff proves the truth of such matter you may be ordered to pay costs. (8) Your failure to respond as required by the Texas Rules of Civil Procedure to these requests within the time required may result in the imposition of sanctions.

## INTERROGATORIES

Please take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, PLAINTIFF serve and propounds the attached interrogatories, marked hereto as **Exhibit "C"** on Defendants. The attached interrogatories are incorporated by reference as if set forth fully at length. Defendants are hereby instructed to answer the following interrogatories separately, fully, in writing under oath as required by Rule 197.2(d) of the Texas Rules of Civil Procedure. The answers shall be served upon the undersigned counsel within fifty-one (51) days after service of the interrogatories. Further, demand is made for supplementation of your answers to the interrogatories as required by the Texas Rules of Civil Procedure.

## PRODUCTION

Please take notice that pursuant to Rule 196 of the Texas Rules of Civil Procedure, DEFENDANT are requested to produce and or permit the undersigned attorney to inspect, copy and reproduce the items herein after designated on Exhibit C attached here to and incorporated by reference as if set forth fully at length. You must serve a written response to the undersigned attorney in 51 days after service of this Request for Production with regards to the items requested there in. Further, demand is made for supplementation of your Responses to the Request for Product ion as required by the Texas Rules of Civil Procedure. Pursuant to Texas Rules of Civil

Procedure 193.3(b), Plaintiff requests DEFENDANT identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be done FIFTY-ONE (51) days after date hereof.

## ADMISSIONS

Pursuant to the Texas Rules of Civil Procedure 198, DEFENDANT are required to make a written response to the requests herein after designated on Exhibit D attached hereto and incorporated by reference as if set fort fully at length within FIFTY-ONE (51) DAYS after service: (1) Admit the truth of any matter within the scope of discovery. (2) Admit the truth of any statements of opinion or of fact or of application of law to fact. (3) Admit the genuineness of any documents served with this request or otherwise made available for inspection or copying. (4) Admit or deny each of the attached requests for admissions. You are also instructed as follows:

(1) You must specifically admit or deny the request or explain in detail the reasons that you cannot admit or deny the request. (2) Your response must fairly meet the substance of the request. (3) You may qualify an answer, or deny a request in part, only when good faith requires. (4) Lack of information or knowledge is not a proper response unless you state that a reasonable inquiry was made but that the information or known or easily obtainable is insufficient to enable the responding party to admit or deny. (5) An assertion that the request presents an issue for trial is not a proper response. (6) You are reminded that if you fail to timely respond, the request is considered admitted without the necessity of a court order. (7) If you deny a request for admission and Plaintiff proves the truth of such matter you may be ordered to pay the cost of proof, including Plaintiffs 'attorneys. (8) Your failure to respond as required by the Texas Rules of Civil Procedure to these requests within the time required may result in the imposition of sanctions.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

By: /s/ Carlos M. Quinonez.
    Carlos M. Quinonez
    Texas Bar No. 24056172
    Email:  carlos@quinonezlawfirm.com
    11890 Vista Del Sol Dr., Suite A-115
    EL PASO, TX 79936
    Tel. (915) 533-0009
    Fax. (888) 301-1116
    Attorney for Plaintiff Jaime Tarango

## PLAINTIFF HEREBY DEMAND TRIAL BY JURY
### INSTRUCTIONS

Pursuant to the provisions of Tex. R. Civ. P. Rule 190.3, Plaintiff serves upon DEFENDANT by and through Defendant's attorney of record, this Level 3 set of disclosure requests, written interrogatories, admissions and requests for production, and requests that DEFENDANT answer the di closure requests, interrogatories, admissions, and produce for inspection and copying (unless

8

otherwise indicated) the documents and things set out below. Pursuant to Rule 190 and 193, you are requested to (1) number each item which will be produced pursuant to these Requests for Disclosure, Written Interrogatories, Admissions and Request for Production with a separate and distinct number or similar identifying designation and (2) to file your written response to these requests for disclosure, written interrogatories, admission, and request for production stating. with regard to each numbered request, the identification or exhibit numbers of the specific items being answered or produced in response to each such Request for Disclosure, Written Interrogatory, Admissions, or Request for Production. Documents or things which are required to be produced in response to more than one request may be listed by number in response to each request, but the document or thin g itself need only be produced one time. All documents of things to be produced are to be forwarded to the undersigned attorneys attached to or together with your written response. Plaintiff specifies after fifty-one (51) days from the date of service of these disclosures re quests, written interrogatories, admissions, and requests for production in the offices of Plaintiffs attorney, CARLOS QUINONEZ, 11890 VISTA DEL SOL, EL PASO, TEXAS 79936, as time and place of making such inspection and copying, unless requested items are furnished to Plaintiffs attorney by mail prior to such date.

EXHIBIT "B"

PLAINTIFFS' INTERROGATORIES TO DEFENDANT

l. State your name, address, telephone number, cellphone number, cellular provider at the time of the incident, social security number, date and place of birth.


2.Describe in detail your employment status at the present time and at the time of the incident, job title and job description, date of commencement and/or termination of employment and salary at

such time.

3. On the date of the incident, describe in detail the vehicle you were driving. If you will, please include information on ownership and the operating condition of the vehicle. State the name, address and phone number of any person who examined the vehicle for damages arising from this incident.

4. Did you give a statement to anyone regarding the incident and if so, indicate the name, address and telephone number of the person to whom you gave the statement, contents of the statement, and if you gave more than one statement, give the same information regarding each statement.

5. Describe in detail the incident and each act or omission of each person in the incident. Please direct your attention to the following details in answering this Interrogatory:

    a. Please state everything that you did, in the order in which it was done, in an attempt to avoid the incident. If you applied the brakes or horn at any time prior to the incident, please state as to your motor vehicle, the speed and the approximate distance in feet from the point of the incident when you so applied the brakes or horn, stating what was used. lf there were any tire marks or any other marks on the road as a result of the incident, kindly describe the marks on the road as a result of the incident, kindly describe the marks in detail giving the length and location on the road surface and identify which motor vehicle cause each mark.

10

b.  Please state everything Plaintiff did or failed to do, which contributed to the incident.

c.  If there were any obstructions to the view of Defendant at or near the scene of the incident, please describe each such obstruction in detail, giving its location with relation to the incident.

d.  If at the time and place of the incident the visibility of the highway was limited or decreased from normal in any way due to glare, design, obstacles, weather or other condition, please describe in complete detail each and every such condition and every action taken to overcome or diminish the adverse effect of each such condition.

e.  If there were any traffic controls, speed limit signs, signals, lights or other devices located at or near the place of the incident which were in any way involved in the happening of the incident, please describe such control or device indicating the direction of traffic controlled by such device and the manner in which it was involved in the incident.

f.  State in detail any damages you claim to have sustained from the incident.

g.  Describe in detail any citation, arrest, cl aim or other charge that may have been issued to you as a result of the incident, including grounds for same and the result of any hearing or judgment on the same, the date of such hearing or judgment and any fine, sentence or other penalty imposed.

h. State in detail any drug or alcohol taken or consumed by you within 72 hours of the incident and any regular drug you had take n at any time within the past year. If alcohol or drug was taken, include the time and date such alcohol was consumed, the name, address and phone number of the provider of the alcohol or drug, the exact name and brand of alcohol, the alcoholic content, type of alcohol or drug, quantity consumed and name, address and phone number of all persons who have knowledge of relevant facts concerning consumption of alcohol.

i. Describe in detail any insurance covering or potentially covering any claim arising from the occurrence, including types of coverage, limits of coverage, name and address of insurance company, policy number and whether such policy was in effect and paid at the time of the incident. If you will do so without a request to produce, please include a copy of the insurance policy and proof of payment.

j. Describe in detail any other arrests, convictions, accidents, incidents, license suspension or revocation or traffic citations you have been involved in. Include the elates, location, name, parties, witnesses, nature and extent of damages, hearings, lawsuits, orders, fines, penalties, judgments or convictions arising there from, including the details of driver's license suspension or revocation actions, if any.

k. Please state if you had a cell phone with you and the number of the cell phone and whether you were on your cell phone within 5 minutes of the crash in question.

6. Please state your driver's license number, state of issuance, expiration elate, any other states you

are or have been licensed to operate a motor vehicle, and driver's license number for those states.

7. Please state the date you were first licensed to drive, and any date your license was suspended or not renewed.

8. Please state whether you have taken Defensive Driving or Driver' s Education course. Please include the elate and location of such course and the reason(s) such course(s) was/were taken. Please state any restrictions that are placed on your ability to drive (e.g. corrective lenses).

9. If you have been convicted of any felony or misdemeanor within the last ten (10) years, please provide the following information.

(a) The offense(s) for which you were convicted.

(b) The stat e(s) and date(s) of any such conviction(s).

(c) A description of any sentence(s) or punishment served (this includes restitution, probation, etc.).

PURSUANT TO THE RULES OF EVIDENCE, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.

10. Please describe what Plaintiff did that, in your opinion, makes him negligent in the incident made the basis of the lawsuit.

11. Please state the name, phone number, address of all individuals with personal knowledge of relevant facts and state their knowledge and what would they have knowledge of.

12. Please state who paid for the damages of your vehicle, your insurance or Plaintiffs insurance.

13. Please state if you received injuries as a result of the accident in question.

14. Please list any other prior or subsequent accidents you have been involved in the last 10 years

15. State the names, addresses and phone number of all persons who you will call to testify a d a summary of their testimony.

16. State the name, address and phone numbers of all persons who witnessed the accident in question.

17. State the name, address, phone number qualifications of each expert, who has been retained or specially employed by you in anticipation of litigation and who is not expected to be called as a witness for trial upon who m your testifying expert or any witness reviewed or relied upon , the mental impressions and opinions held by the expert and the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the bas is of the mental impressions and opinions held by the expert.

18. Describe in detail the act or omission of each person whose negligence contributed to the occurrence in question.

19. Describe the relationship with Defendant.

20. State if you had permission to drive the vehicle in question subject to this suit.

21. State who gave you permission to drive the vehicle in question subject to this suit.

22. State all the repairs to your vehicle.

23. State prior to the day of the incident subject to this suit, how many times had you driven the vehicle.

24. State all accidents you have been involved in your life.

EXHIBIT "C"

PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT

14

1. Any inspection documents and photographing of the vehicle you were operating at the time of the incident made the basis of this lawsuit.

2. Any photographs, drawing, sketches, video recordings, motion pictures, tapes, recordings, graphic depiction or other tangible evidence concerning the scene of the accident, the vehicle involved in the collision or the parties or witnesses to this case.

3. All statements made by Defendant.

4. All damage estimates, maintenance records, and pictures of Defendant's vehicle and all other vehicles involved in the collision made the subject of this suit.

5. All investigation reports, accident reports, statements by witnesses (oral or recorded) concerning the accident made the subject of this suit.

6. Copy of your driving and accident record.

7. Any documents showing the names, addresses and phone number of all persons with knowledge of relevant facts regarding any matter in any way related to the issues involved in this lawsuit.

8. Photographs and videotapes identified in your response to the Interrogatories.

9. Narrative summaries prepared by any person identified in your response to the Interrogatories.

I 0. Photographs and videotapes of any surveillance of Defendant.

11. All medical records of Plaintiff received by Defendant.

12. All incident reports for any injury suffered by Plaintiff.

13. All documents where Plaintiffs signature is contained in the document.

14. All documents obtained pursuant to any authorization signed by Plaintiff.

15. All documents concerning any alleged criminal violation committed by Plaintiff.

16. All photographs or videotapes taken by Defend ant in response to Plaintiffs alleged injuries including, but not limited to, all videos or photographs taken by any private investigator for which

Defendant has access to the photographs or videotapes.

17. All documents concerning any of Plaintiffs 'previous or subsequent employers obtained by Defendant.

18. A copy of the accident report or any report prepared relating to this accident.

l9. Please provide any information you have which suggests Plaintiff(s), Defendant(s), or any witness identified in this law suit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude. Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

20. Please produce a copy of your current driver license, if any, both front and back.

21. Please produce a copy of your Social Security Card, if any, both front and back.

22. If you do not have a driver 's license, please produce a copy of any current identification card or document, both front and back.

23. Please produce a true and correct copy of the registration, certificate of insurance and title certificate of the vehicle that you were driving and/or leading in at the time of the accident.

24. Any deposit on transcripts, trial transcripts or other recorded testimony of witnesses listed by Defendant.

25. All documents pertaining to any other motor vehicle accidents in which you have been involved in during your life time.

26. Your cell phone records for calls made on the date of the accident.

27. All witness statements.

28. Any damages report or estimates for the vehicles you were operating at the time of the incident made the bas is of this law suit.

16

29. Any photos regarding the incident in question.

30. Any medic al records as a result of medical treatment for the incident in question.

31. Any citations and or court documents regarding the incident in question.

32. Your driving history for the last five years.

33. Your cell phone records for the day of the incident made the basis of this lawsuit, including but not limited to one hour before this incident, the time of this incident and one hour after this incident.

EXHIBIT "D"

REQUEST FOR ADMISSIONS TO DEFENDANT:

1.  That on or about the March 12, 2019 the vehicle you were obstructing the highway causing collision made basis to this suit.

RESPONSE:

2.  That you failed to move your trailer truck causing collision made basis to this suit

RESPONSE:

3.  That you are responsible for the crash.

RESPONSE:

4.  That Plaintiff was not at fault.

RESPONSE:

5.  That you are at fault.

RESPONSE:

6.  That Plaintiff s actions or non-actions did not contribute to this accident.

RESPONSE:

7.  That Plaintiff was not responsible.

RESPONSE:

8. That on the date stated in Request for admissions 1o. and at the time of the collision made the basis of this suit, that this collision was avoidable.

RESPONSE:

9. That on the date stated in Request for admissions 1o. and at the time of the collision made the basis of this suit that Plaintiff s conduct did not contribute to this accident.

RESPONSE:

10. That the condition of the road surface did not contribute to the cause of the collision.

RES PONSE:

11. That the lighting condition s did not contribute to the cause of the collision.

RESPONSE:

12. That the weather conditions did not contribute to the cause of the collision.

RESPONSE:

13. That a sudden emergency did not contribute to the cause of the collision.

RESPONSE:

14. That on the date of the collision, you did not maintain a proper lookout while driving his vehicle.

RESPONSE:

15. That Defendant's failure to maintain a proper lookout immediately before the collision was the proximate cause of the collision in question.

RESPONSE:

16. That Defendant was under the influence of drugs or alcohol when the collision occurred.

RESPONSE:

17. That Defendant had ingested drugs or alcohol within the 24 hours before the collision.

RESPONSE:

18. That your negligence was the sole proximate cause of the collision in question.

RESPONSE:

19. That your negligence was a proximate cause of the collision in question.

RESPONSE:

20. That Plaintiff did not contribute any negligence the cause of the collision in question.

RESPONSE:

21. That Plaintiff received injuries to several parts of his body as a result of the collision.

RESPONSE:

Filed on February 19, 2021
11:43AM
Norma Favela Barceleau
District Clerk
El Paso County, Texas
Ramirez, Corina

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO:   **FOCUS TRANSPORT, LLC,** who may be served with process **by serving its registered agent BOB SMITH** at **10504 COUNTY ROAD 490, TYLER, TX 75706** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Jury Demand** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 3,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 17th day of February, 2021, by Attorney at Law ,CARLOS M QUINONEZ, 11890 VISTA DEL SOL STE A-115 EL PASO TX 79936 in this case numbered **2021DCV0560** on the docket of said court, and styled:

**JAIME TARANGO**
**VS**
**LOUIS NICHOLAS JR. AND FOCUS TRANSPORT LLC**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition and Jury Demand** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19th day of February, 2021

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By _____, Deputy
Corina Ramirez

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ___M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition and Jury Demand**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|---------|
| | MONTH | DAY | YEAR | Hour | Min. | ___.M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____   _____ Sheriff

_____   _____ County, Texas

Total _____ $ _____   by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____, at _____o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20_____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**

Filed on February 19, 2021 11:43AM
Norma Favela Barceleau
District Clerk
El Paso County, Texas
Ramirez, Corina

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO:   **LOUIS NICHOLAS JR.,** who may be served with process at **456 ROGER ROAD, LAFAYETTE, LA  70507** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Jury Demand** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 3,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 17th day of February, 2021, by Attorney at Law ,CARLOS M QUINONEZ, 11890 VISTA DEL SOL STE A-115 EL PASO TX  79936 in this case numbered **2021DCV0560** on the docket of said court, and styled:

**JAIME TARANGO**
**VS**
**LOUIS NICHOLAS JR. AND FOCUS TRANSPORT LLC**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition and Jury Demand** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19th day of February, 2021

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:  _____NORMA FAVELA BARCELEAU_____ District Clerk
El Paso County, Texas

By _____, Deputy
Corina Ramirez

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the

date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ___M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition and Jury Demand**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | ___.M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

      FEES—SERVING _____ copy _____ $ _____   _____ Sheriff

                        _____ _____ County, Texas

      Total _____ $ _____   by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____, on the _____ day of _____ 20_____, at _____o'clock ___m. this copy of this instrument.

                            _____, Sheriff/Agent

                            _____County, Texas

                            By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20_____.**

      **(SEAL)**

                        _____

                        **NOTARY PUBLIC, STATE OF TEXAS**

**DISTRICT CLERK PLEASE ISSUE CITATIONS ON THE FOLLOWING:**

☐ PAUPERS OATH

Document that needs Issuance:

CITATION

☐ Sheriff

_____

☑ RUSH

Case Number_2021DCV0560_____

CARLOS QUINONEZ

**Requesting Attorney:** _____

           X           qs.lawoffice@gmail.com

Forward To: _____Attorney by email: _____

Forward to: _____Process Server by email:_____

☑ CITATION PERSONAL SERVICE

☐ CITATION BY CERTIFIED MAIL _____OUTSIDE SERIVCE _____BY DISTRICT CLERK

☐ CITATION NON-RESIDENT

☐ CITATION BY POSTING (courthouse)

☐ CITATION BY PUBLICATION
    ☐_____El Paso Inc.
    _____EL Paso Times
    _____El Diario
    _____Facebook

☐ NOTICE TO SHOW CAUSE

☐ ORDER OF SALE

☐ PROTECTIVE ORDER

☐ SUBPOENA

☐ TRO

☐ WRIT OF ATTACHMENT

☐ WRIT OF EXECUTION

☐ WRIT OF HABEAS CORPUS

☐ WRIT OF POSSESSION

☑ OTHER ORIGINAL PETITION _____

| Notes to the Clerk: | |
|---|---|
| Person to be Served | Address for Service |
| BOB SMITH | 10504 COUNTRY RD. 490 |
| | TYLER, TX 75706 |
| | |

Issued By:_____

Date:_____

Norma Favela Barceleau
District Clerk
El Paso County
2021DCV0560

NO. _____

| | | |
|---|---|---|
| **JAIME TARANGO** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **LOUIS NICHOLAS JR. AND FOCUS** | § | |
| **TRANSPORT, LLC** | § | |
| **Defendants.** | § | **OF EL PASO COUNTY, TEXAS** |

## <u>PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **NOW COME** Jaime Tarango, hereinafter called Plaintiff, complaining of and about Louis Nicholas Jr. and Focus Transport, LLC, hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intend that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.    Plaintiff, Jaime Tarango is an Individual whose address is 7945 La Jolla Dr. El Paso, Texas 79915l

3.    The last three numbers of Jaime Tarango's driver's license number are 548. The last three numbers of Jaime Tarango's social security number are 957.

4.    Defendant Louis Nicholas Jr., may be served with process at his home at the following address 456 Roger Road, Lafayette, LA 70507. Service of said Defendant as described above can be effected by personal delivery.

1

5.     Defendant Focus Transport LLC is a Louisiana Corporation whose principal place of business location is 116 Lafferty Dr., Broussard, LA 70518.  Service of said Defendant as described above can be effected by delivery to the registered agent Bob Smith at 10504 County Road 490, Tyler, TX 75706.  Defendant Focus Transport LLC is a transportation company that travels throughout the United States.

## JURISDICTION AND VENUE

6.     The subject matter in controversy is within the jurisdictional limits of this court.

7.     Plaintiffs seek monetary relief of less than 100,000.00 including injuries.

8.     This court has jurisdiction over the parties because Defendant is a Texas resident.

9.     Venue in El Paso County is proper in this cause because the Plaintiff lives in this county and no other party resides in Texas.

## FACTS

10.     Mr. Jaime Tarango was driving east on West Hwy.  Defendant Louis Nicholas Jr. attempted to make a U-Turn on West Hwy 302.  By do so, Defendant obstructed the highway and impeded all east bound traffic.  Defendant failed to yield before making said U-Turn.  Defendant's failure to yield caused Mr. Tarango, who was heading eastbound, to strike Defendant's trailer truck. Mr. Tarango suffered injuries as result of this accident.

## PLAINTIFFS' CLAIM OF
## NEGLIGENCE AGAINST  LOUIS NICHOLAS JR.

11.     Defendant Louis Nicholas Jr. had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

12.     Plaintiffs' injuries were proximately caused by Defendant Louis Nicholas Jr.'s negligent, careless and reckless disregard of said duty.

2

13.     The negligent, careless and reckless disregard of duty of Defendant Louis Nicholas Jr. consisted of, but is not limited to, the following acts and omissions:

      A.     In that Defendant Louis Nicholas Jr. to stop;

      B.     In that Defendant Louis Nicholas Jr. failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

      C.     In that Defendant Louis Nicholas Jr. failed move his motor vehicle in an effort to avoid the collision complained of;

      D.     In that Defendant Louis Nicholas Jr. failed to keep such distance away from Plaintiffs' motor vehicle as a person using ordinary prudent care would have done;

      E.     In that Defendant Louis Nicholas Jr. was operating his motor vehicle at a and obstructed the highway other than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

## PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST FOCUS TRANSPORT LLC

14.     Focus Transport LLC was careless and negligent in the ownership and operation of its motor vehicle with caused Mr. Tarango to suffer severe personal injuries

15.     Focus Transport LLC owed Mr. Tarango a duty to exercise reasonable care when operating the Focus Transport LLC motor vehicle.  Focus Transport LLC breached that duty when it failed to operate Focus Transport LLC motor vehicle in a safe and reasonable manner.

16.     As a direct and proximate result of said collision Mr. Tarango was caused to sustain severe painful bodily injuries, including but not limited extensive medical treatment and will require significant physical rehabilitation.

17.     As a direct and proximate result of the physical injuries sustained by Mr. Tarango in the collision, she has been incapacitated from pursing her usual employment and other activities, and may continue to require medical treatment.

## EXEMPLARY DAMAGES

8.      Defendants' Louis Nicholas Jr. and Focus Transport LLC acts or omissions described above, when viewed from the standpoint of Defendants' Louis Nicholas Jr. and Focus Transport LLC at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.  Defendant's Louis Nicholas Jr. and Focus Transport LLC had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

19.     Based on the facts stated herein, Plaintiff request exemplary damages be awarded to Plaintiff from Defendants' Louis Nicholas Jr. and Focus Transport LLC

## DAMAGES

20.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, was caused to suffer injuries to her low back, upper back pain and pain on both shoulders to incur the following damages:

A.      Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in El Paso County, Texas;

B.      Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.      Physical pain and suffering in the past;

D.      Physical pain and suffering in the future;

E.      Physical impairment in the past;

F.      Physical impairment which, in all reasonable probability, will be suffered in the future;

G.      Loss of earnings in the past;

4

H.    Loss of earning capacity which will, in all probability, be incurred in the future;

I.    Loss of Household Services in the past;

J.    Loss of Household Services in the future;

K.    Disfigurement in the past;

L.    Disfigurement in the future;

M.    Mental anguish in the past; and

N.    Mental anguish in the future;

O.    Loss of Consortium in the past; and

P.    Loss of Consortium in the future.

## REQUEST FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure 198, Defendants are required to make a written response to these requests, **FIFTY-ONE (51) DAYS** after service:

( 1 ) Admit the truth of any matter within the scope of discovery . (2) Admit the truth of any statements of opinion or of fact or of application of law to fact. (3) Admit the genuineness of any documents served with this request or otherwise made available for inspection or copying. (4) Admit or deny each of the attached requests for admissions. **You are also instructed as follows:** ( 1 ) Unless you state an objection or assert a privilege, you must specifically admit or deny the request or explain in detail the reasons that you cannot admit or deny the request. (2) Your response must fairly meet the substance of the request. (3) You may qualify an answer, or deny a request in part, only when good faith requires. (4) Lack of information or knowledge is not a proper response unless you state that a reasonable inquiry was made but that the information or know n or easily obtainable is insufficient to enable the re ponding party to admit or deny. (5) An assertion that the

request presents an issue for trial is not a proper response. (6) You are reminded that if you fail to timely respond, the request is considered admitted without the necessity of a court order. (7) If you deny a request for admission and the Plaintiff proves the truth of such matter you may be ordered to pay costs. (8) Your failure to respond as required by the Texas Rules of Civil Procedure to these requests within the time required may result in the imposition of sanctions.

## INTERROGATORIES

Please take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, PLAINTIFF serve and propounds the attached interrogatories, marked hereto as **Exhibit "C"** on Defendants. The attached interrogatories are incorporated by reference as if set forth fully at length. Defendants are hereby instructed to answer the following interrogatories separately, fully, in writing under oath as required by Rule 197.2(d) of the Texas Rules of Civil Procedure. The answers shall be served upon the undersigned counsel within fifty-one (51) days after service of the interrogatories. Further, demand is made for supplementation of your answers to the interrogatories as required by the Texas Rules of Civil Procedure.

## PRODUCTION

Please take notice that pursuant to Rule 196 of the Texas Rules of Civil Procedure, DEFENDANT are requested to produce and or permit the undersigned attorney to inspect, copy and reproduce the items herein after designated on Exhibit C attached here to and incorporated by reference as if set forth fully at length. You must serve a written response to the undersigned attorney in 51 days after service of this Request for Production with regards to the items requested there in. Further, demand is made for supplementation of your Responses to the Request for Product ion as required by the Texas Rules of Civil Procedure. Pursuant to Texas Rules of Civil

Procedure 193.3(b), Plaintiff requests DEFENDANT identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be done FIFTY-ONE (51) days after date hereof.

## ADMISSIONS

Pursuant to the Texas Rules of Civil Procedure 198, DEFENDANT are required to make a written response to the requests herein after designated on Exhibit D attached hereto and incorporated by reference as if set fort fully at length within FIFTY-ONE (51) DAYS after service: (1) Admit the truth of any matter within the scope of discovery. (2) Admit the truth of any statements of opinion or of fact or of application of law to fact. (3) Admit the genuineness of any documents served with this request or otherwise made available for inspection or copying. (4) Admit or deny each of the attached requests for admissions. You are also instructed as follows:

(1) You must specifically admit or deny the request or explain in detail the reasons that you cannot admit or deny the request. (2) Your response must fairly meet the substance of the request. (3) You may qualify an answer, or deny a request in part, only when good faith requires. (4) Lack of information or knowledge is not a proper response unless you state that a reasonable inquiry was made but that the information or known or easily obtainable is insufficient to enable the responding party to admit or deny. (5) An assertion that the request presents an issue for trial is not a proper response. (6) You are reminded that if you fail to timely respond, the request is considered admitted without the necessity of a court order. (7) If you deny a request for admission and Plaintiff proves the truth of such matter you may be ordered to pay the cost of proof, including Plaintiffs 'attorneys.

(8) Your failure to respond as required by the Texas Rules of Civil Procedure to these requests within the time required may result in the imposition of sanctions.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.


Respectfully submitted,


By:  /s/ Carlos M. Quinonez.
    Carlos M. Quinonez
    Texas Bar No. 24056172
    Email:  carlos@quinonezlawfirm.com
    11890 Vista Del Sol Dr., Suite A-115
    EL PASO, TX 79936
    Tel. (915) 533-0009
    Fax. (888) 301-1116
    Attorney for Plaintiff Jaime Tarango


**PLAINTIFF HEREBY DEMAND TRIAL BY JURY**
INSTRUCTIONS

Pursuant to the provisions of Tex. R. Civ. P. Rule 190.3, Plaintiff serves upon DEFENDANT by and through Defendant's attorney of record, this Level 3 set of disclosure requests, written interrogatories, admissions and requests for production, and requests that DEFENDANT answer the di closure requests, interrogatories, admissions, and produce for inspection and copying (unless

otherwise indicated) the documents and things set out below. Pursuant to Rule 190 and 193, you are requested to (1) number each item which will be produced pursuant to these Requests for Disclosure, Written Interrogatories, Admissions and Request for Production with a separate and distinct number or similar identifying designation and (2) to file your written response to these requests for disclosure, written interrogatories, admission, and request for production stating. with regard to each numbered request, the identification or exhibit numbers of the specific items being answered or produced in response to each such Request for Disclosure, Written Interrogatory, Admissions, or Request for Production. Documents or things which are required to be produced in response to more than one request may be listed by number in response to each request, but the document or thin g itself need only be produced one time. All documents of things to be produced are to be forwarded to the undersigned attorneys attached to or together with your written response. Plaintiff specifies after fifty-one (51) days from the date of service of these disclosures re quests, written interrogatories, admissions, and requests for production in the offices of Plaintiffs attorney, CARLOS QUINONEZ, 11890 VISTA DEL SOL, EL PASO, TEXAS 79936, as time and place of making such inspection and copying, unless requested items are furnished to Plaintiffs attorney by mail prior to such date.

EXHIBIT "B"

PLAINTIFFS' INTERROGATORIES TO DEFENDANT

l. State your name, address, telephone number, cellphone number, cellular provider at the time of the incident, social security number, date and place of birth.


2.Describe in detail your employment status at the present time and at the time of the incident, job title and job description, date of commencement and/or termination of employment and salary at

such time.

3. On the date of the incident, describe in detail the vehicle you were driving. If you will, please include information on ownership and the operating condition of the vehicle. State the name, address and phone number of any person who examined the vehicle for damages arising from this incident.

4. Did you give a statement to anyone regarding the incident and if so, indicate the name, address and telephone number of the person to whom you gave the statement, contents of the statement, and if you gave more than one statement, give the same information regarding each statement.

5. Describe in detail the incident and each act or omission of each person in the incident. Please direct your attention to the following details in answering this Interrogatory:

    a.  Please state everything that you did, in the order in which it was done, in an attempt to avoid the incident. If you applied the brakes or horn at any time prior to the incident, please state as to your motor vehicle, the speed and the approximate distance in feet from the point of the incident when you so applied the brakes or horn, stating what was used. lf there were any tire marks or any other marks on the road as a result of the incident, kindly describe the marks on the road as a result of the incident, kindly describe the marks in detail giving the length and location on the road surface and identify which motor vehicle cause each mark.

b.  Please state everything Plaintiff did or failed to do, which contributed to the incident.

c.  If there were any obstructions to the view of Defendant at or near the scene of the incident, please describe each such obstruction in detail, giving its location with relation to the incident.

d.  If at the time and place of the incident the visibility of the highway was limited or decreased from normal in any way due to glare, design, obstacles, weather or other condition, please describe in complete detail each and every such condition and every action taken to overcome or diminish the adverse effect of each such condition.

e.  If there were any traffic controls, speed limit signs, signals, lights or other devices located at or near the place of the incident which were in any way involved in the happening of the incident, please describe such control or device indicating the direction of traffic controlled by such device and the manner in which it was involved in the incident.

f.  State in detail any damages you claim to have sustained from the incident.

g.  Describe in detail any citation, arrest, cl aim or other charge that may have been issued to you as a result of the incident, including grounds for same and the result of any hearing or judgment on the same, the date of such hearing or judgment and any fine, sentence or other penalty imposed.

h. State in detail any drug or alcohol taken or consumed by you within 72 hours of the incident and any regular drug you had take n at any time within the past year. If alcohol or drug was taken, include the time and date such alcohol was consumed, the name, address and phone number of the provider of the alcohol or drug, the exact name and brand of alcohol, the alcoholic content, type of alcohol or drug, quantity consumed and name, address and phone number of all persons who have knowledge of relevant facts concerning consumption of alcohol.

i. Describe in detail any insurance covering or potentially covering any claim arising from the occurrence, including types of coverage, limits of coverage, name and address of insurance company, policy number and whether such policy was in effect and paid at the time of the incident. If you will do so without a request to produce, please include a copy of the insurance policy and proof of payment.

j. Describe in detail any other arrests, convictions, accidents, incidents, license suspension or revocation or traffic citations you have been involved in. Include the elates, location, name, parties, witnesses, nature and extent of damages, hearings, lawsuits, orders, fines, penalties, judgments or convictions arising there from, including the details of driver's license suspension or revocation actions, if any.

k. Please state if you had a cell phone with you and the number of the cell phone and whether you were on your cell phone within 5 minutes of the crash in question.

6. Please state your driver's license number, state of issuance, expiration elate, any other states you

are or have been licensed to operate a motor vehicle, and driver's license number for those states.

7. Please state the date you were first licensed to drive, and any date your license was suspended or not renewed.

8. Please state whether you have taken Defensive Driving or Driver' s Education course. Please include the elate and location of such course and the reason(s) such course(s) was/were taken. Please state any restrictions that are placed on your ability to drive (e.g. corrective lenses).

9. If you have been convicted of any felony or misdemeanor within the last ten (10) years, please provide the following information.

(a) The offense(s) for which you were convicted.

(b) The stat e(s) and date(s) of any such conviction(s).

(c) A description of any sentence(s) or punishment served (this includes restitution, probation, etc.).

PURSUANT TO THE RULES OF EVIDENCE, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.

10. Please describe what Plaintiff did that, in your opinion, makes him negligent in the incident made the basis of the lawsuit.

11. Please state the name, phone number, address of all individuals with personal knowledge of relevant facts and state their knowledge and what would they have knowledge of.

12. Please state who paid for the damages of your vehicle, your insurance or Plaintiffs insurance.

13. Please state if you received injuries as a result of the accident in question.

14. Please list any other prior or subsequent accidents you have been involved in the last 10 years

15. State the names, addresses and phone number of all persons who you will call to testify a d a summary of their testimony.

16. State the name, address and phone numbers of all persons who witnessed the accident in question.

17. State the name, address, phone number qualifications of each expert, who has been retained or specially employed by you in anticipation of litigation and who is not expected to be called as a witness for trial upon who m your testifying expert or any witness reviewed or relied upon , the mental impressions and opinions held by the expert and the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the bas is of the mental impressions and opinions held by the expert.

18. Describe in detail the act or omission of each person whose negligence contributed to the occurrence in question.

19. Describe the relationship with Defendant.

20. State if you had permission to drive the vehicle in question subject to this suit.

21. State who gave you permission to drive the vehicle in question subject to this suit.

22. State all the repairs to your vehicle.

23. State prior to the day of the incident subject to this suit, how many times had you driven the vehicle.

24. State all accidents you have been involved in your life.

EXHIBIT "C"

PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT

1. Any inspection documents and photographing of the vehicle you were operating at the time of the incident made the basis of this lawsuit.

2. Any photographs, drawing, sketches, video recordings, motion pictures, tapes, recordings, graphic depiction or other tangible evidence concerning the scene of the accident, the vehicle involved in the collision or the parties or witnesses to this case.

3. All statements made by Defendant.

4. All damage estimates, maintenance records, and pictures of Defendant's vehicle and all other vehicles involved in the collision made the subject of this suit.

5. All investigation reports, accident reports, statements by witnesses (oral or recorded) concerning the accident made the subject of this suit.

6. Copy of your driving and accident record.

7. Any documents showing the names, addresses and phone number of all persons with knowledge of relevant facts regarding any matter in any way related to the issues involved in this lawsuit.

8. Photographs and videotapes identified in your response to the Interrogatories.

9. Narrative summaries prepared by any person identified in your response to the Interrogatories.

I 0. Photographs and videotapes of any surveillance of Defendant.

11. All medical records of Plaintiff received by Defendant.

12. All incident reports for any injury suffered by Plaintiff.

13. All documents where Plaintiffs signature is contained in the document.

14. All documents obtained pursuant to any authorization signed by Plaintiff.

 15. All documents concerning any alleged criminal violation committed by Plaintiff.

16. All photographs or videotapes taken by Defend ant in response to Plaintiffs alleged injuries including, but not limited to, all videos or photographs taken by any private investigator for which

Defendant has access to the photographs or videotapes.

17. All documents concerning any of Plaintiffs 'previous or subsequent employers obtained by Defendant.

18. A copy of the accident report or any report prepared relating to this accident.

l9. Please provide any information you have which suggests Plaintiff(s), Defendant(s), or any witness identified in this law suit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude. Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

20. Please produce a copy of your current driver license, if any, both front and back.

21. Please produce a copy of your Social Security Card, if any, both front and back.

22. If you do not have a driver 's license, please produce a copy of any current identification card or document, both front and back.

23. Please produce a true and correct copy of the registration, certificate of insurance and title certificate of the vehicle that you were driving and/or leading in at the time of the accident.

24. Any deposit on transcripts, trial transcripts or other recorded testimony of witnesses listed by Defendant.

25. All documents pertaining to any other motor vehicle accidents in which you have been involved in during your life time.

26. Your cell phone records for calls made on the date of the accident.

27. All witness statements.

28. Any damages report or estimates for the vehicles you were operating at the time of the incident made the bas is of this law suit.

16

29. Any photos regarding the incident in question.

30. Any medic al records as a result of medical treatment for the incident in question.

31. Any citations and or court documents regarding the incident in question.

32. Your driving history for the last five years.

33. Your cell phone records for the day of the incident made the basis of this lawsuit, including but not limited to one hour before this incident, the time of this incident and one hour after this incident.

EXHIBIT "D"

REQUEST FOR ADMISSIONS TO DEFENDANT:

1. That on or about the March 12, 2019 the vehicle you were obstructing the highway causing collision made basis to this suit.

RESPONSE:

2. That you failed to move your trailer truck causing collision made basis to this suit

RESPONSE:

3. That you are responsible for the crash.

RESPONSE:

4. That Plaintiff was not at fault.

RESPONSE:

5. That you are at fault.

RESPONSE:

6. That Plaintiff s actions or non-actions did not contribute to this accident.

RESPONSE:

7. That Plaintiff was not responsible.

RESPONSE:

8.  That on the date stated in Request for admissions 1o. and at the time of the collision made the basis of this suit, that this collision was avoidable.

RESPONSE:

9.  That on the date stated in Request for admissions 1o. and at the time of the collision made the basis of this suit that Plaintiff s conduct did not contribute to this accident.

RESPONSE:

10. That the condition of the road surface did not contribute to the cause of the collision.

RES PONSE:

11. That the lighting condition s did not contribute to the cause of the collision.

RESPONSE:

12. That the weather conditions did not contribute to the cause of the collision.

RESPONSE:

13. That a sudden emergency did not contribute to the cause of the collision.

RESPONSE:

14. That on the date of the collision, you did not maintain a proper lookout while driving his vehicle.

RESPONSE:

15. That Defendant's failure to maintain a proper lookout immediately before the collision was the proximate cause of the collision in question.

RESPONSE:

16. That Defendant was under the influence of drugs or alcohol when the collision occurred.

RESPONSE:

17. That Defendant had ingested drugs or alcohol within the 24 hours before the collision.

RESPONSE:

18. That your negligence was the sole proximate cause of the collision in question.

RESPONSE:

19. That your negligence was a proximate cause of the collision in question.

RESPONSE:

20. That Plaintiff did not contribute any negligence the cause of the collision in question.

RESPONSE:

21. That Plaintiff received injuries to several parts of his body as a result of the collision.

RESPONSE:

**DISTRICT CLERK PLEASE ISSUE CITATIONS ON THE FOLLOWING:**

☐ PAUPERS OATH

Document that needs Issuance:

CITATION

☐ Sheriff

_____

☑ RUSH

Case Number____2021DCV0560_____

CARLOS QUINONEZ

**Requesting Attorney:** _____

Forward To:        X        qs.lawoffice@gmail.com
                        Attorney by email: _____

Forward to:        _____Process Server by email:_____

☑ CITATION PERSONAL SERVICE

☐ CITATION BY CERTIFIED MAIL    _____OUTSIDE SERIVCE _____BY DISTRICT CLERK

☐ CITATION NON-RESIDENT

☐ CITATION BY POSTING (courthouse)

☐ CITATION BY PUBLICATION
        ☐ El Paso Inc.
        _____EL Paso Times
        _____El Diario
        _____Facebook

☐ NOTICE TO SHOW CAUSE

☐ ORDER OF SALE

☐ PROTECTIVE ORDER

☐ SUBPOENA

☐ TRO

☐ WRIT OF ATTACHMENT

☐ WRIT OF EXECUTION

☐ WRIT OF HABEAS CORPUS

☐ WRIT OF POSSESSION

☑ OTHER ORIGINAL PETITION _____

| Notes to the Clerk: | |
|---|---|
| Person to be Served | Address for Service |
| LOUIS NICHOLAS JR. | 456 ROGER RD |
| | LAFAYETTE, LA 70507 |
| | |

Issued By:_____

Date:_____

NO. _____

| | | |
|---|---|---|
| **JAIME TARANGO** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **LOUIS NICHOLAS JR. AND FOCUS** | § | |
| **TRANSPORT, LLC** | § | |
| **Defendants.** | § | **OF EL PASO COUNTY, TEXAS** |

## <u>PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** Jaime Tarango, hereinafter called Plaintiff, complaining of and about Louis Nicholas Jr. and Focus Transport, LLC, hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intend that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.      Plaintiff, Jaime Tarango is an Individual whose address is 7945 La Jolla Dr. El Paso, Texas 79915l

3.      The last three numbers of Jaime Tarango's driver's license number are 548.  The last three numbers of Jaime Tarango's social security number are 957.

4.      Defendant Louis Nicholas Jr., may be served with process at his home at the following address 456 Roger Road, Lafayette, LA 70507. Service of said Defendant as described above can be effected by personal delivery.

1

5.      Defendant Focus Transport LLC is a Louisiana Corporation whose principal place of business location is 116 Lafferty Dr., Broussard, LA 70518.  Service of said Defendant as described above can be effected by delivery to the registered agent Bob Smith at 10504 County Road 490, Tyler, TX 75706.  Defendant Focus Transport LLC is a transportation company that travels throughout the United States.

## JURISDICTION AND VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      Plaintiffs seek monetary relief of less than 100,000.00 including injuries.

8.      This court has jurisdiction over the parties because Defendant is a Texas resident.

9.      Venue in El Paso County is proper in this cause because the Plaintiff lives in this county and no other party resides in Texas.

## FACTS

10.      Mr. Jaime Tarango was driving east on West Hwy.  Defendant Louis Nicholas Jr. attempted to make a U-Turn on West Hwy 302.  By do so, Defendant obstructed the highway and impeded all east bound traffic.  Defendant failed to yield before making said U-Turn.  Defendant's failure to yield caused Mr. Tarango, who was heading eastbound, to strike Defendant's trailer truck. Mr. Tarango suffered injuries as result of this accident.

## PLAINTIFFS' CLAIM OF
## NEGLIGENCE AGAINST LOUIS NICHOLAS JR.

11.      Defendant Louis Nicholas Jr. had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

12.      Plaintiffs' injuries were proximately caused by Defendant Louis Nicholas Jr.'s negligent, careless and reckless disregard of said duty.

2

13.     The negligent, careless and reckless disregard of duty of Defendant Louis Nicholas Jr. consisted of, but is not limited to, the following acts and omissions:

    A.     In that Defendant Louis Nicholas Jr. to stop;

    B.     In that Defendant Louis Nicholas Jr. failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    C.     In that Defendant Louis Nicholas Jr. failed move his motor vehicle in an effort to avoid the collision complained of;

    D.     In that Defendant Louis Nicholas Jr. failed to keep such distance away from Plaintiffs' motor vehicle as a person using ordinary prudent care would have done;

    E.     In that Defendant Louis Nicholas Jr. was operating his motor vehicle at a and obstructed the highway other than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

## PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST FOCUS TRANSPORT LLC

14.     Focus Transport LLC was careless and negligent in the ownership and operation of its motor vehicle with caused Mr. Tarango to suffer severe personal injuries

15.     Focus Transport LLC owed Mr. Tarango a duty to exercise reasonable care when operating the Focus Transport LLC motor vehicle.  Focus Transport LLC breached that duty when it failed to operate Focus Transport LLC motor vehicle in a safe and reasonable manner.

16.     As a direct and proximate result of said collision Mr. Tarango was caused to sustain severe painful bodily injuries, including but not limited extensive medical treatment and will require significant physical rehabilitation.

17.     As a direct and proximate result of the physical injuries sustained by Mr. Tarango in the collision, she has been incapacitated from pursing her usual employment and other activities, and may continue to require medical treatment.

## EXEMPLARY DAMAGES

3

8.     Defendants' Louis Nicholas Jr. and Focus Transport LLC acts or omissions described above, when viewed from the standpoint of Defendants' Louis Nicholas Jr. and Focus Transport LLC at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.  Defendant's Louis Nicholas Jr. and Focus Transport LLC had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

19.     Based on the facts stated herein, Plaintiff request exemplary damages be awarded to Plaintiff from Defendants' Louis Nicholas Jr. and Focus Transport LLC

**DAMAGES**

20.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, was caused to suffer injuries to her low back, upper back pain and pain on both shoulders to incur the following damages:

    A.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in El Paso County, Texas;

    B.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.     Physical pain and suffering in the past;

    D.     Physical pain and suffering in the future;

    E.     Physical impairment in the past;

    F.     Physical impairment which, in all reasonable probability, will be suffered in the future;

    G.     Loss of earnings in the past;

4

H.   Loss of earning capacity which will, in all probability, be incurred in the future;

I.   Loss of Household Services in the past;

J.   Loss of Household Services in the future;

K.   Disfigurement in the past;

L.   Disfigurement in the future;

M.   Mental anguish in the past; and

N.   Mental anguish in the future;

O.   Loss of Consortium in the past; and

P.   Loss of Consortium in the future.

## REQUEST FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure 198, Defendants are required to make a written response to these requests, **FIFTY-ONE (51) DAYS** after service:

( 1 ) Admit the truth of any matter within the scope of discovery . (2) Admit the truth of any statements of opinion or of fact or of application of law to fact. (3) Admit the genuineness of any documents served with this request or otherwise made available for inspection or copying. (4) Admit or deny each of the attached requests for admissions. **You are also instructed as follows:** **( 1 )** Unless you state an objection or assert a privilege, you must specifically admit or deny the request or explain in detail the reasons that you cannot admit or deny the request. (2) Your response must fairly meet the substance of the request. (3) You may qualify an answer, or deny a request in part, only when good faith requires. (4) Lack of information or knowledge is not a proper response unless you state that a reasonable inquiry was made but that the information or know n or easily obtainable is insufficient to enable the re ponding party to admit or deny. (5) An assertion that the

5

request presents an issue for trial is not a proper response. (6) You are reminded that if you fail to timely respond, the request is considered admitted without the necessity of a court order. (7) If you deny a request for admission and the Plaintiff proves the truth of such matter you may be ordered to pay costs. (8) Your failure to respond as required by the Texas Rules of Civil Procedure to these requests within the time required may result in the imposition of sanctions.

## **INTERROGATORIES**

Please take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, PLAINTIFF serve and propounds the attached interrogatories, marked hereto as **Exhibit "C"** on Defendants. The attached interrogatories are incorporated by reference as if set forth fully at length. Defendants are hereby instructed to answer the following interrogatories separately, fully, in writing under oath as required by Rule 197.2(d) of the Texas Rules of Civil Procedure. The answers shall be served upon the undersigned counsel within fifty-one (51) days after service of the interrogatories. Further, demand is made for supplementation of your answers to the interrogatories as required by the Texas Rules of Civil Procedure.

## **PRODUCTION**

Please take notice that pursuant to Rule 196 of the Texas Rules of Civil Procedure, DEFENDANT are requested to produce and or permit the undersigned attorney to inspect, copy and reproduce the items herein after designated on Exhibit C attached here to and incorporated by reference as if set forth fully at length. You must serve a written response to the undersigned attorney in 51 days after service of this Request for Production with regards to the items requested there in. Further, demand is made for supplementation of your Responses to the Request for Product ion as required by the Texas Rules of Civil Procedure. Pursuant to Texas Rules of Civil

Procedure 193.3(b), Plaintiff requests DEFENDANT identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be done FIFTY-ONE (51) days after date hereof.

## ADMISSIONS

Pursuant to the Texas Rules of Civil Procedure 198, DEFENDANT are required to make a written response to the requests herein after designated on Exhibit D attached hereto and incorporated by reference as if set fort fully at length within FIFTY-ONE (51) DAYS after service: (1) Admit the truth of any matter within the scope of discovery. (2) Admit the truth of any statements of opinion or of fact or of application of law to fact. (3) Admit the genuineness of any documents served with this request or otherwise made available for inspection or copying. (4) Admit or deny each of the attached requests for admissions. You are also instructed as follows:

(1) You must specifically admit or deny the request or explain in detail the reasons that you cannot admit or deny the request. (2) Your response must fairly meet the substance of the request. (3) You may qualify an answer, or deny a request in part, only when good faith requires. (4) Lack of information or knowledge is not a proper response unless you state that a reasonable inquiry was made but that the information or known or easily obtainable is insufficient to enable the responding party to admit or deny. (5) An assertion that the request presents an issue for trial is not a proper response. (6) You are reminded that if you fail to timely respond, the request is considered admitted without the necessity of a court order. (7) If you deny a request for admission and Plaintiff proves the truth of such matter you may be ordered to pay the cost of proof, including Plaintiffs 'attorneys. (8) Your failure to respond as required by the Texas Rules of Civil Procedure to these requests within the time required may result in the imposition of sanctions.

7

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.


Respectfully submitted,


By:  /s/ Carlos M. Quinonez.
     Carlos M. Quinonez
     Texas Bar No. 24056172
     Email:  carlos@quinonezlawfirm.com
     11890 Vista Del Sol Dr., Suite A-115
     EL PASO, TX 79936
     Tel. (915) 533-0009
     Fax. (888) 301-1116
     Attorney for Plaintiff Jaime Tarango


## PLAINTIFF HEREBY DEMAND TRIAL BY JURY
### INSTRUCTIONS

Pursuant to the provisions of Tex. R. Civ. P. Rule 190.3, Plaintiff serves upon DEFENDANT by and through Defendant's attorney of record, this Level 3 set of disclosure requests, written interrogatories, admissions and requests for production, and requests that DEFENDANT answer the di closure requests, interrogatories, admissions, and produce for inspection and copying (unless

8

otherwise indicated) the documents and things set out below. Pursuant to Rule 190 and 193, you are requested to (1) number each item which will be produced pursuant to these Requests for Disclosure, Written Interrogatories, Admissions and Request for Production with a separate and distinct number or similar identifying designation and (2) to file your written response to these requests for disclosure, written interrogatories, admission, and request for production stating. with regard to each numbered request, the identification or exhibit numbers of the specific items being answered or produced in response to each such Request for Disclosure, Written Interrogatory, Admissions, or Request for Production. Documents or things which are required to be produced in response to more than one request may be listed by number in response to each request, but the document or thin g itself need only be produced one time. All documents of things to be produced are to be forwarded to the undersigned attorneys attached to or together with your written response.

Plaintiff specifies after fifty-one (51) days from the date of service of these disclosures re quests, written interrogatories, admissions, and requests for production in the offices of Plaintiffs attorney, CARLOS QUINONEZ, 11890 VISTA DEL SOL, EL PASO, TEXAS 79936, as time and place of making such inspection and copying, unless requested items are furnished to Plaintiffs attorney by mail prior to such date.

EXHIBIT "B"

PLAINTIFFS' INTERROGATORIES TO DEFENDANT

l. State your name, address, telephone number, cellphone number, cellular provider at the time of the incident, social security number, date and place of birth.


2.Describe in detail your employment status at the present time and at the time of the incident, job title and job description, date of commencement and/or termination of employment and salary at

such time.

3. On the date of the incident, describe in detail the vehicle you were driving. If you will, please include information on ownership and the operating condition of the vehicle. State the name, address and phone number of any person who examined the vehicle for damages arising from this incident.

4. Did you give a statement to anyone regarding the incident and if so, indicate the name, address and telephone number of the person to whom you gave the statement, contents of the statement, and if you gave more than one statement, give the same information regarding each statement.

5. Describe in detail the incident and each act or omission of each person in the incident. Please direct your attention to the following details in answering this Interrogatory:

    a.  Please state everything that you did, in the order in which it was done, in an attempt to avoid the incident. If you applied the brakes or horn at any time prior to the incident, please state as to your motor vehicle, the speed and the approximate distance in feet from the point of the incident when you so applied the brakes or horn, stating what was used. lf there were any tire marks or any other marks on the road as a result of the incident, kindly describe the marks on the road as a result of the incident, kindly describe the marks in detail giving the length and location on the road surface and identify which motor vehicle cause each mark.

b.  Please state everything Plaintiff did or failed to do, which contributed to the incident.

c.  If there were any obstructions to the view of Defendant at or near the scene of the incident, please describe each such obstruction in detail, giving its location with relation to the incident.

d.  If at the time and place of the incident the visibility of the highway was limited or decreased from normal in any way due to glare, design, obstacles, weather or other condition, please describe in complete detail each and every such condition and every action taken to overcome or diminish the adverse effect of each such condition.

e.  If there were any traffic controls, speed limit signs, signals, lights or other devices located at or near the place of the incident which were in any way involved in the happening of the incident, please describe such control or device indicating the direction of traffic controlled by such device and the manner in which it was involved in the incident.

f.  State in detail any damages you claim to have sustained from the incident.

g.  Describe in detail any citation, arrest, cl aim or other charge that may have been issued to you as a result of the incident, including grounds for same and the result of any hearing or judgment on the same, the date of such hearing or judgment and any fine, sentence or other penalty imposed.

h. State in detail any drug or alcohol taken or consumed by you within 72 hours of the incident and any regular drug you had take n at any time within the past year. If alcohol or drug was taken, include the time and date such alcohol was consumed, the name, address and phone number of the provider of the alcohol or drug, the exact name and brand of alcohol, the alcoholic content, type of alcohol or drug, quantity consumed and name, address and phone number of all persons who have knowledge of relevant facts concerning consumption of alcohol.

i. Describe in detail any insurance covering or potentially covering any claim arising from the occurrence, including types of coverage, limits of coverage, name and address of insurance company, policy number and whether such policy was in effect and paid at the time of the incident. If you will do so without a request to produce, please include a copy of the insurance policy and proof of payment.

j. Describe in detail any other arrests, convictions, accidents, incidents, license suspension or revocation or traffic citations you have been involved in. Include the elates, location, name, parties, witnesses, nature and extent of damages, hearings, lawsuits, orders, fines, penalties, judgments or convictions arising there from, including the details of driver's license suspension or revocation actions, if any.

k. Please state if you had a cell phone with you and the number of the cell phone and whether you were on your cell phone within 5 minutes of the crash in question.

6. Please state your driver's license number, state of issuance, expiration elate, any other states you

are or have been licensed to operate a motor vehicle, and driver's license number for those states.

7. Please state the date you were first licensed to drive, and any date your license was suspended or not renewed.

8. Please state whether you have taken Defensive Driving or Driver' s Education course. Please include the elate and location of such course and the reason(s) such course(s) was/were taken. Please state any restrictions that are placed on your ability to drive (e.g. corrective lenses).

9. If you have been convicted of any felony or misdemeanor within the last ten (10) years, please provide the following information.

(a) The offense(s) for which you were convicted.

(b) The stat e(s) and date(s) of any such conviction(s).

(c) A description of any sentence(s) or punishment served (this includes restitution, probation, etc.).

PURSUANT TO THE RULES OF EVIDENCE, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.

10. Please describe what Plaintiff did that, in your opinion, makes him negligent in the incident made the basis of the lawsuit.

11. Please state the name, phone number, address of all individuals with personal knowledge of relevant facts and state their knowledge and what would they have knowledge of.

12. Please state who paid for the damages of your vehicle, your insurance or Plaintiffs insurance.

13. Please state if you received injuries as a result of the accident in question.

14. Please list any other prior or subsequent accidents you have been involved in the last 10 years

15. State the names, addresses and phone number of all persons who you will call to testify a d a summary of their testimony.

16. State the name, address and phone numbers of all persons who witnessed the accident in question.

17. State the name, address, phone number qualifications of each expert, who has been retained or specially employed by you in anticipation of litigation and who is not expected to be called as a witness for trial upon who m your testifying expert or any witness reviewed or relied upon , the mental impressions and opinions held by the expert and the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the bas is of the mental impressions and opinions held by the expert.

18. Describe in detail the act or omission of each person whose negligence contributed to the occurrence in question.

19. Describe the relationship with Defendant.

20. State if you had permission to drive the vehicle in question subject to this suit.

21. State who gave you permission to drive the vehicle in question subject to this suit.

22. State all the repairs to your vehicle.

23. State prior to the day of the incident subject to this suit, how many times had you driven the vehicle.

24. State all accidents you have been involved in your life.

EXHIBIT "C"

PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT

1. Any inspection documents and photographing of the vehicle you were operating at the time of the incident made the basis of this lawsuit.

2. Any photographs, drawing, sketches, video recordings, motion pictures, tapes, recordings, graphic depiction or other tangible evidence concerning the scene of the accident, the vehicle involved in the collision or the parties or witnesses to this case.

3. All statements made by Defendant.

4. All damage estimates, maintenance records, and pictures of Defendant's vehicle and all other vehicles involved in the collision made the subject of this suit.

5. All investigation reports, accident reports, statements by witnesses (oral or recorded) concerning the accident made the subject of this suit.

6. Copy of your driving and accident record.

7. Any documents showing the names, addresses and phone number of all persons with knowledge of relevant facts regarding any matter in any way related to the issues involved in this lawsuit.

8. Photographs and videotapes identified in your response to the Interrogatories.

9. Narrative summaries prepared by any person identified in your response to the Interrogatories.

I 0. Photographs and videotapes of any surveillance of Defendant.

11. All medical records of Plaintiff received by Defendant.

12. All incident reports for any injury suffered by Plaintiff.

13. All documents where Plaintiffs signature is contained in the document.

14. All documents obtained pursuant to any authorization signed by Plaintiff.

15. All documents concerning any alleged criminal violation committed by Plaintiff.

16. All photographs or videotapes taken by Defend ant in response to Plaintiffs alleged injuries including, but not limited to, all videos or photographs taken by any private investigator for which

15

Defendant has access to the photographs or videotapes.

17. All documents concerning any of Plaintiffs 'previous or subsequent employers obtained by Defendant.

18. A copy of the accident report or any report prepared relating to this accident.

l9. Please provide any information you have which suggests Plaintiff(s), Defendant(s), or any witness identified in this law suit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude. Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

20. Please produce a copy of your current driver license, if any, both front and back.

21. Please produce a copy of your Social Security Card, if any, both front and back.

22. If you do not have a driver 's license, please produce a copy of any current identification card or document, both front and back.

23. Please produce a true and correct copy of the registration, certificate of insurance and title certificate of the vehicle that you were driving and/or leading in at the time of the accident.

24. Any deposit on transcripts, trial transcripts or other recorded testimony of witnesses listed by Defendant.

25. All documents pertaining to any other motor vehicle accidents in which you have been involved in during your life time.

26. Your cell phone records for calls made on the date of the accident.

27. All witness statements.

28. Any damages report or estimates for the vehicles you were operating at the time of the incident made the bas is of this law suit.

16

29. Any photos regarding the incident in question.

30. Any medic al records as a result of medical treatment for the incident in question.

31. Any citations and or court documents regarding the incident in question.

32. Your driving history for the last five years.

33. Your cell phone records for the day of the incident made the basis of this lawsuit, including but not limited to one hour before this incident, the time of this incident and one hour after this incident.

EXHIBIT "D"

REQUEST FOR ADMISSIONS TO DEFENDANT:

1.  That on or about the March 12, 2019 the vehicle you were obstructing the highway causing collision made basis to this suit.

RESPONSE:

2.  That you failed to move your trailer truck causing collision made basis to this suit

RESPONSE:

3.  That you are responsible for the crash.

RESPONSE:

4.  That Plaintiff was not at fault.

RESPONSE:

5.  That you are at fault.

RESPONSE:

6.  That Plaintiff s actions or non-actions did not contribute to this accident.

RESPONSE:

7.  That Plaintiff was not responsible.

RESPONSE:

    8.  That on the date stated in Request for admissions 1o. and at the time of the collision made the basis of this suit, that this collision was avoidable.

RESPONSE:

    9.  That on the date stated in Request for admissions 1o. and at the time of the collision made the basis of this suit that Plaintiff s conduct did not contribute to this accident.

RESPONSE:

    10. That the condition of the road surface did not contribute to the cause of the collision.

RES PONSE:

    11. That the lighting condition s did not contribute to the cause of the collision.

RESPONSE:

    12. That the weather conditions did not contribute to the cause of the collision.

RESPONSE:

    13. That a sudden emergency did not contribute to the cause of the collision.

RESPONSE:

    14. That on the date of the collision, you did not maintain a proper lookout while driving his vehicle.

RESPONSE:

    15. That Defendant's failure to maintain a proper lookout immediately before the collision was the proximate cause of the collision in question.

RESPONSE:

    16. That Defendant was under the influence of drugs or alcohol when the collision occurred.

RESPONSE:

17. That Defendant had ingested drugs or alcohol within the 24 hours before the collision.

RESPONSE:

18. That your negligence was the sole proximate cause of the collision in question.

RESPONSE:

19. That your negligence was a proximate cause of the collision in question.

RESPONSE:

20. That Plaintiff did not contribute any negligence the cause of the collision in question.

RESPONSE:

21. That Plaintiff received injuries to several parts of his body as a result of the collision.

RESPONSE:

IN THE COUNTY COURT AT LAW NUMBER THREE
OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| JAIME TARANGO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2021DCV0560 |
| | § | |
| LOUIS NICHOLAS, JR. | § | |
| and FOCUS TRANSPORT, LLC, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT'S, FOCUS TRANSPORT LLC,
MOTION TO TRANSFER VENUE TO WINKLER COUNTY, TEXAS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DEFENDANT, FOCUS TRANSPORT, LLC ("Defendant Focus"), and

files its Motion to Transfer Venue to Winkler County, Texas, and respectfully shows the following:

**I. Procedural and Factual Background.**

1. On February 17, 2021, Plaintiff Jamie Tarango ("Plaintiff"), filed his Original Petition in El

   Paso County, Texas. *See* Ex. A, Pl.'s Orig. Pet.

2. Plaintiff alleges that he was involved in a motor vehicle accident (the "Accident") with

   Defendant Focus's commercial vehicle. *See* Ex. A, Pl's Orig. Pet. at ¶ 10. Plaintiff alleges

   that Defendant Focus negligently caused the Plaintiff's injuries in damage when Defendant

   Focus's vehicle, driven by Louis Nicholas Jr. ("Defendant Driver"), made a U-Turn forcing

   Plaintiff's vehicle to strike Defendant Driver's vehicle. *See Id*.

3. The Accident which is the occurrence of the instant suit occurred in Winkler County, Texas,

   and not El Paso County, Texas. *See* Ex. B, Pol. Rpt. None of the factual allegations Plaintiff

   makes against Defendant Focus and the Defendant Driver occurred in El Paso County, Texas.

   *See Id*.

1

4. Neither Defendant Focus nor Defendant Driver are residents of El Paso County, Texas.  *See* Ex. A, Pl.'s Orig. Pet. at ⁋ 4-5.

5. The Plaintiff's only basis for venue in El Paso County is "because the Plaintiff lives in this county and no other party resides in Texas."  Ex. A, Pl.'s Orig. Pet. at ⁋ 9.

6. Focus Transport now files its Motion to Transfer Venue to Winkler County, Texas.

## II.  Legal Standard for Motion to Transfer Venue

A defendant can raise "the question of proper venue by objecting to a plaintiff's venue choice through a motion to transfer venue." *Wichita Cnty, Tex. v. Hart*, 917 S.W.2d 779, 781 (Tex. 1996) (citing Tex. R. Civ. P. 86).  "If there is any probative evidence that venue was proper in the county to which transfer was sought," the Court must transfer venue to that county.  *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex. 1993).  "If a plaintiff's chosen venue rests on a permissive venue statute and the defendant files a meritorious motion to transfer based on a mandatory venue provision, the trial court must grant the motion." *In re Brin & Brin, P.C.*, No. 13-13-00324-CV, 2013 Tex.App. LEXIS 9060 at * 12 (Tex. App. – Corpus Christi July 23, 2013, orig. proceeding) (citing *Hart*, 917 S.W.2d at 781).

## III.  Analysis

### A.  Venue is proper in Winkler County, and Plaintiff improperly filed suit in El Paso County.

The court's primary objective in construing statutes is to give primary effect to the Texas Legislature's intent.  *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009).  The Legislature's intent is sought "first and foremost" in the statutory text. *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006).  Courts must presume the Legislature selected the statutory language with care and that every word or phrase was used with a purpose in mind. *See In re Caballero*, 272 S.W.3d 595, 599 (Tex. 2008).  "This general rule applies unless

2

enforcing the plain language of the statute as written would produce absurd results." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) (citing *Fleming Foods of Texas, Inc. v. Rylander*, 6 S.W.2d 864, 866 (Tex. 1999)).

Pursuant to Texas Civil Practice and Remedies Code ("CPRC") section 15.002, "all lawsuits shall be brought":

> (1)  in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

> (2)  in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;

> (3)  in the county of the defendant's principal office in this state, if the defendant is not a natural person, or

> (4)  if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

Tex. Civ. P. & Rem. Code § 15.002(a)(1)-(4).  The Texas Supreme Court has recently clarified this statute by interpreting section 15.002(a)(4) to mean that that a plaintiff can only bring a lawsuit in his county of residence when section 15.002(a)(1)-(3) do not apply. *See Jaster v. Comet II Constr., Inc.*, 2014 LEXIS 567 at *29 (Tex. 2014) (holding that "'all lawsuits shall be brought,' when [subsections (a)(1)-(3)]  do not apply, 'in the county in which the plaintiff resided at the time of the accrual of the cause of action'").

In the instant cause, Plaintiff improperly filed suit in his county of residence.  The Plaintiff chose not to file suit in Winkler County, the county where all or substantial parts of his claim occurred. *See* Pl.'s Orig. Pet.  Under the plain meaning of Section 15.002(a), the Plaintiff could only have filed suit in El Paso County when sections 15.002(a)(1)-(3) did not apply. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(4);  *see also Jaster*, 2014 LEXIS 567 at *29.  Section 15.002(a)(1) applies in this case, because all of the Plaintiff's

factual allegations occurred in Winkler County, Texas.  Plaintiff was required to have filed

suit in Winkler County and not El Paso County.  *See* Tex. Civ. Prac. & Rem. Code §

15.002(a)(1).  Thus, this Court should grant Focus Transport's Motion to Transfer Venue,

as Focus Transport has shown that Winkler County, and not El Paso County, is a proper

venue for this suit.  *See Ruiz*, 868 S.W.2d at 758; *see also Hart*, 917 S.W.2d at 781; *In re

Brin & Brin, P.C.*, 2013 Tex.App. LEXIS 9060 at * 12.

## IV.  Prayer

WHEREFORE PREMISES CONSIDERED, Defendant, Focus Transport, LLC,

moves this Court to grant its Motion to Transfer Venue, and to transfer the instant cause to

Winkler County, Texas, which is the proper venue in this case, and for any and all other

relief to which Defendant may be justly entitled to under law or equity.

Respectfully submitted,

RINCON LAW GROUP, P.C.
1014 North Mesa Street, Suite 200
El Paso, Texas 79902
(915) 532-6800 (Telephone)
(915) 532-6808 (Facsimile)

By:      */s/ Sergio E. Chavez*
CARLOS RINCON
State Bar No. 16932700
E-mail: CRincon@rinconlawgroup.com
SERGIO E. CHAVEZ
State Bar No. 24031939
E-mail: SChavez@rinconlawgroup.com
AMADO N. MONTOYA
State Bar No. 24121739
E-mail: AMontoya@rinconlawgroup.com

Attorneys for Focus Transport, LLC

4

## <u>CERTIFICATE OF SERVICE</u>

I certify a true and correct copy of the foregoing document was served on the parties through their counsel of record, as follows, on this 26th day of March, 2021:

Carlos M. Quiñonez  
QUIÑONEZ LAW FIRM, PLLC  
11890 Vista Del Sol Dr, Ste A-115  
El Paso, Texas 79936  
(915) 533-0009 (Telephone)  
(888) 301-1116 (Facsimile)  
carlos@quinonezlawfirm.com

☒ *Via Electronic Service*  
☐ *Via Facsimile Transmission*  
☐ *Via E-Mail*  
☐ *Via Certified Mail RRR*  
☐ *Via USPS First Class*  
☐ *Via Hand Delivery*  
☐ *Via Commercial Delivery Service*

Attorney for Plaintiff

*/s/ Sergio E. Chavez*  
SERGIO E CHAVEZ

# Exhibit A

NO. _____

| | | |
|---|---|---|
| **JAIME TARANGO** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **LOUIS NICHOLAS JR. AND FOCUS** | § | |
| **TRANSPORT, LLC** | § | |
| **Defendants.** | § | **OF EL PASO COUNTY, TEXAS** |

<u>**PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

 **NOW COME** Jaime Tarango, hereinafter called Plaintiff, complaining of and about Louis Nicholas Jr. and Focus Transport, LLC, hereinafter called Defendants, and for cause of action show unto the Court the following:

**DISCOVERY CONTROL PLAN LEVEL**

1. Plaintiff intend that discovery be conducted under Discovery Level 3.

**PARTIES AND SERVICE**

2. Plaintiff, Jaime Tarango is an Individual whose address is 7945 La Jolla Dr. El Paso, Texas 79915l

3. The last three numbers of Jaime Tarango's driver's license number are 548. The last three numbers of Jaime Tarango's social security number are 957.

4. Defendant Louis Nicholas Jr., may be served with process at his home at the following address 456 Roger Road, Lafayette, LA 70507. Service of said Defendant as described above can be effected by personal delivery.

1

5.      Defendant Focus Transport LLC is a Louisiana Corporation whose principal place of business location is 116 Lafferty Dr., Broussard, LA 70518.  Service of said Defendant as described above can be effected by delivery to the registered agent Bob Smith at 10504 County Road 490, Tyler, TX 75706.  Defendant Focus Transport LLC is a transportation company that travels throughout the United States.

## JURISDICTION AND VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      Plaintiffs seek monetary relief of less than 100,000.00 including injuries.

8.      This court has jurisdiction over the parties because Defendant is a Texas resident.

9.      Venue in El Paso County is proper in this cause because the Plaintiff lives in this county and no other party resides in Texas.

## FACTS

10.     Mr. Jaime Tarango was driving east on West Hwy.  Defendant Louis Nicholas Jr. attempted to make a U-Turn on West Hwy 302.  By do so, Defendant obstructed the highway and impeded all east bound traffic.  Defendant failed to yield before making said U-Turn.  Defendant's failure to yield caused Mr. Tarango, who was heading eastbound, to strike Defendant's trailer truck. Mr. Tarango suffered injuries as result of this accident.

## PLAINTIFFS' CLAIM OF
## NEGLIGENCE AGAINST LOUIS NICHOLAS JR.

11.     Defendant Louis Nicholas Jr. had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

12.     Plaintiffs' injuries were proximately caused by Defendant Louis Nicholas Jr.'s negligent, careless and reckless disregard of said duty.

13.     The negligent, careless and reckless disregard of duty of Defendant Louis Nicholas Jr. consisted of, but is not limited to, the following acts and omissions:

     A.    In that Defendant Louis Nicholas Jr. to stop;

     B.    In that Defendant Louis Nicholas Jr. failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

     C.    In that Defendant Louis Nicholas Jr. failed move his motor vehicle in an effort to avoid the collision complained of;

     D.    In that Defendant Louis Nicholas Jr. failed to keep such distance away from Plaintiffs' motor vehicle as a person using ordinary prudent care would have done;

     E.    In that Defendant Louis Nicholas Jr. was operating his motor vehicle at a and obstructed the highway other than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

## PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST FOCUS TRANSPORT LLC

14.     Focus Transport LLC was careless and negligent in the ownership and operation of its motor vehicle with caused Mr. Tarango to suffer severe personal injuries

15.     Focus Transport LLC owed Mr. Tarango a duty to exercise reasonable care when operating the Focus Transport LLC motor vehicle.  Focus Transport LLC breached that duty when it failed to operate Focus Transport LLC motor vehicle in a safe and reasonable manner.

16.     As a direct and proximate result of said collision Mr. Tarango was caused to sustain severe painful bodily injuries, including but not limited extensive medical treatment and will require significant physical rehabilitation.

17.     As a direct and proximate result of the physical injuries sustained by Mr. Tarango in the collision, she has been incapacitated from pursing her usual employment and other activities, and may continue to require medical treatment.

## EXEMPLARY DAMAGES

8.      Defendants' Louis Nicholas Jr. and Focus Transport LLC acts or omissions described above, when viewed from the standpoint of Defendants' Louis Nicholas Jr. and Focus Transport LLC at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.  Defendant's Louis Nicholas Jr. and Focus Transport LLC had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

19.      Based on the facts stated herein, Plaintiff request exemplary damages be awarded to Plaintiff from Defendants' Louis Nicholas Jr. and Focus Transport LLC

## DAMAGES

20.      As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, was caused to suffer injuries to her low back, upper back pain and pain on both shoulders to incur the following damages:

A.      Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in El Paso County, Texas;

B.      Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.      Physical pain and suffering in the past;

D.      Physical pain and suffering in the future;

E.      Physical impairment in the past;

F.      Physical impairment which, in all reasonable probability, will be suffered in the future;

G.      Loss of earnings in the past;

4

H.      Loss of earning capacity which will, in all probability, be incurred in the future;

I.      Loss of Household Services in the past;

J.      Loss of Household Services in the future;

K.      Disfigurement in the past;

L.      Disfigurement in the future;

M.      Mental anguish in the past; and

N.      Mental anguish in the future;

O.      Loss of Consortium in the past; and

P.      Loss of Consortium in the future.


## REQUEST FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure 198, Defendants are required to make a written response to these requests, **FIFTY-ONE (51) DAYS** after service:

( 1 ) Admit the truth of any matter within the scope of discovery . (2) Admit the truth of any statements of opinion or of fact or of application of law to fact. (3) Admit the genuineness of any documents served with this request or otherwise made available for inspection or copying. (4) Admit or deny each of the attached requests for admissions. **You are also instructed as follows:** ( 1 ) Unless you state an objection or assert a privilege, you must specifically admit or deny the request or explain in detail the reasons that you cannot admit or deny the request. (2) Your response must fairly meet the substance of the request. (3) You may qualify an answer, or deny a request in part, only when good faith requires. (4) Lack of information or knowledge is not a proper response unless you state that a reasonable inquiry was made but that the information or know n or easily obtainable is insufficient to enable the re ponding party to admit or deny. (5) An assertion that the

5

request presents an issue for trial is not a proper response. (6) You are reminded that if you fail to timely respond, the request is considered admitted without the necessity of a court order. (7) If you deny a request for admission and the Plaintiff proves the truth of such matter you may be ordered to pay costs. (8) Your failure to respond as required by the Texas Rules of Civil Procedure to these requests within the time required may result in the imposition of sanctions.

## INTERROGATORIES

Please take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, PLAINTIFF serve and propounds the attached interrogatories, marked hereto as **Exhibit "C"** on Defendants. The attached interrogatories are incorporated by reference as if set forth fully at length. Defendants are hereby instructed to answer the following interrogatories separately, fully, in writing under oath as required by Rule 197.2(d) of the Texas Rules of Civil Procedure. The answers shall be served upon the undersigned counsel within fifty-one (51) days after service of the interrogatories. Further, demand is made for supplementation of your answers to the interrogatories as required by the Texas Rules of Civil Procedure.

## PRODUCTION

Please take notice that pursuant to Rule 196 of the Texas Rules of Civil Procedure, DEFENDANT are requested to produce and or permit the undersigned attorney to inspect, copy and reproduce the items herein after designated on Exhibit C attached here to and incorporated by reference as if set forth fully at length. You must serve a written response to the undersigned attorney in 51 days after service of this Request for Production with regards to the items requested there in. Further, demand is made for supplementation of your Responses to the Request for Product ion as required by the Texas Rules of Civil Procedure. Pursuant to Texas Rules of Civil

Procedure 193.3(b), Plaintiff requests DEFENDANT identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be done FIFTY-ONE (51) days after date hereof.

## ADMISSIONS

Pursuant to the Texas Rules of Civil Procedure 198, DEFENDANT are required to make a written response to the requests herein after designated on Exhibit D attached hereto and incorporated by reference as if set fort fully at length within FIFTY-ONE (51) DAYS after service: (1) Admit the truth of any matter within the scope of discovery. (2) Admit the truth of any statements of opinion or of fact or of application of law to fact. (3) Admit the genuineness of any documents served with this request or otherwise made available for inspection or copying. (4) Admit or deny each of the attached requests for admissions. You are also instructed as follows:

(1) You must specifically admit or deny the request or explain in detail the reasons that you cannot admit or deny the request. (2) Your response must fairly meet the substance of the request. (3) You may qualify an answer, or deny a request in part, only when good faith requires. (4) Lack of information or knowledge is not a proper response unless you state that a reasonable inquiry was made but that the information or known or easily obtainable is insufficient to enable the responding party to admit or deny. (5) An assertion that the request presents an issue for trial is not a proper response. (6) You are reminded that if you fail to timely respond, the request is considered admitted without the necessity of a court order. (7) If you deny a request for admission and Plaintiff proves the truth of such matter you may be ordered to pay the cost of proof, including Plaintiffs 'attorneys. (8) Your failure to respond as required by the Texas Rules of Civil Procedure to these requests within the time required may result in the imposition of sanctions.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

By:  /s/ Carlos M. Quinonez.
     Carlos M. Quinonez
     Texas Bar No. 24056172
     Email:  carlos@quinonezlawfirm.com
     11890 Vista Del Sol Dr., Suite A-115
     EL PASO, TX 79936
     Tel. (915) 533-0009
     Fax. (888) 301-1116
     Attorney for Plaintiff Jaime Tarango

## PLAINTIFF HEREBY DEMAND TRIAL BY JURY
### INSTRUCTIONS

Pursuant to the provisions of Tex. R. Civ. P. Rule 190.3, Plaintiff serves upon DEFENDANT by and through Defendant's attorney of record, this Level 3 set of disclosure requests, written interrogatories, admissions and requests for production, and requests that DEFENDANT answer the di closure requests, interrogatories, admissions, and produce for inspection and copying (unless

otherwise indicated) the documents and things set out below. Pursuant to Rule 190 and 193, you are requested to (1) number each item which will be produced pursuant to these Requests for Disclosure, Written Interrogatories, Admissions and Request for Production with a separate and distinct number or similar identifying designation and (2) to file your written response to these requests for disclosure, written interrogatories, admission, and request for production stating. with regard to each numbered request, the identification or exhibit numbers of the specific items being answered or produced in response to each such Request for Disclosure, Written Interrogatory, Admissions, or Request for Production. Documents or things which are required to be produced in response to more than one request may be listed by number in response to each request, but the document or thin g itself need only be produced one time. All documents of things to be produced are to be forwarded to the undersigned attorneys attached to or together with your written response. Plaintiff specifies after fifty-one (51) days from the date of service of these disclosures re quests, written interrogatories, admissions, and requests for production in the offices of Plaintiffs attorney, CARLOS QUINONEZ, 11890 VISTA DEL SOL, EL PASO, TEXAS 79936, as time and place of making such inspection and copying, unless requested items are furnished to Plaintiffs attorney by mail prior to such date.

EXHIBIT "B"

PLAINTIFFS' INTERROGATORIES TO DEFENDANT

l. State your name, address, telephone number, cellphone number, cellular provider at the time of the incident, social security number, date and place of birth.


2.Describe in detail your employment status at the present time and at the time of the incident, job title and job description, date of commencement and/or termination of employment and salary at

such time.

3. On the date of the incident, describe in detail the vehicle you were driving. If you will, please include information on ownership and the operating condition of the vehicle. State the name, address and phone number of any person who examined the vehicle for damages arising from this incident.

4. Did you give a statement to anyone regarding the incident and if so, indicate the name, address and telephone number of the person to whom you gave the statement, contents of the statement, and if you gave more than one statement, give the same information regarding each statement.

5. Describe in detail the incident and each act or omission of each person in the incident. Please direct your attention to the following details in answering this Interrogatory:

   a. Please state everything that you did, in the order in which it was done, in an attempt to avoid the incident. If you applied the brakes or horn at any time prior to the incident, please state as to your motor vehicle, the speed and the approximate distance in feet from the point of the incident when you so applied the brakes or horn, stating what was used. lf there were any tire marks or any other marks on the road as a result of the incident, kindly describe the marks on the road as a result of the incident, kindly describe the marks in detail giving the length and location on the road surface and identify which motor vehicle cause each mark.

b.  Please state everything Plaintiff did or failed to do, which contributed to the incident.

c.  If there were any obstructions to the view of Defendant at or near the scene of the incident, please describe each such obstruction in detail, giving its location with relation to the incident.

d.  If at the time and place of the incident the visibility of the highway was limited or decreased from normal in any way due to glare, design, obstacles, weather or other condition, please describe in complete detail each and every such condition and every action taken to overcome or diminish the adverse effect of each such condition.

e.  If there were any traffic controls, speed limit signs, signals, lights or other devices located at or near the place of the incident which were in any way involved in the happening of the incident, please describe such control or device indicating the direction of traffic controlled by such device and the manner in which it was involved in the incident.

f.  State in detail any damages you claim to have sustained from the incident.

g.  Describe in detail any citation, arrest, cl aim or other charge that may have been issued to you as a result of the incident, including grounds for same and the result of any hearing or judgment on the same, the date of such hearing or judgment and any fine, sentence or other penalty imposed.

11

h. State in detail any drug or alcohol taken or consumed by you within 72 hours of the incident and any regular drug you had take n at any time within the past year. If alcohol or drug was taken, include the time and date such alcohol was consumed, the name, address and phone number of the provider of the alcohol or drug, the exact name and brand of alcohol, the alcoholic content, type of alcohol or drug, quantity consumed and name, address and phone number of all persons who have knowledge of relevant facts concerning consumption of alcohol.

i. Describe in detail any insurance covering or potentially covering any claim arising from the occurrence, including types of coverage, limits of coverage, name and address of insurance company, policy number and whether such policy was in effect and paid at the time of the incident. If you will do so without a request to produce, please include a copy of the insurance policy and proof of payment.

j. Describe in detail any other arrests, convictions, accidents, incidents, license suspension or revocation or traffic citations you have been involved in. Include the elates, location, name, parties, witnesses, nature and extent of damages, hearings, lawsuits, orders, fines, penalties, judgments or convictions arising there from, including the details of driver's license suspension or revocation actions, if any.

k. Please state if you had a cell phone with you and the number of the cell phone and whether you were on your cell phone within 5 minutes of the crash in question.

6. Please state your driver's license number, state of issuance, expiration elate, any other states you

are or have been licensed to operate a motor vehicle, and driver's license number for those states.

7. Please state the date you were first licensed to drive, and any date your license was suspended or not renewed.

8. Please state whether you have taken Defensive Driving or Driver' s Education course. Please include the elate and location of such course and the reason(s) such course(s) was/were taken. Please state any restrictions that are placed on your ability to drive (e.g. corrective lenses).

9. If you have been convicted of any felony or misdemeanor within the last ten (10) years, please provide the following information.

(a) The offense(s) for which you were convicted.

(b) The stat e(s) and date(s) of any such conviction(s).

(c) A description of any sentence(s) or punishment served (this includes restitution, probation, etc.).

PURSUANT TO THE RULES OF EVIDENCE, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.

10. Please describe what Plaintiff did that, in your opinion, makes him negligent in the incident made the basis of the lawsuit.

11. Please state the name, phone number, address of all individuals with personal knowledge of relevant facts and state their knowledge and what would they have knowledge of.

12. Please state who paid for the damages of your vehicle, your insurance or Plaintiffs insurance.

13. Please state if you received injuries as a result of the accident in question.

14. Please list any other prior or subsequent accidents you have been involved in the last 10 years

15. State the names, addresses and phone number of all persons who you will call to testify a d a summary of their testimony.

16. State the name, address and phone numbers of all persons who witnessed the accident in question.

17. State the name, address, phone number qualifications of each expert, who has been retained or specially employed by you in anticipation of litigation and who is not expected to be called as a witness for trial upon who m your testifying expert or any witness reviewed or relied upon , the mental impressions and opinions held by the expert and the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the bas is of the mental impressions and opinions held by the expert.

18. Describe in detail the act or omission of each person whose negligence contributed to the occurrence in question.

19. Describe the relationship with Defendant.

20. State if you had permission to drive the vehicle in question subject to this suit.

21. State who gave you permission to drive the vehicle in question subject to this suit.

22. State all the repairs to your vehicle.

23. State prior to the day of the incident subject to this suit, how many times had you driven the vehicle.

24. State all accidents you have been involved in your life.

EXHIBIT "C"

PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT

1. Any inspection documents and photographing of the vehicle you were operating at the time of the incident made the basis of this lawsuit.

2. Any photographs, drawing, sketches, video recordings, motion pictures, tapes, recordings, graphic depiction or other tangible evidence concerning the scene of the accident, the vehicle involved in the collision or the parties or witnesses to this case.

3. All statements made by Defendant.

4. All damage estimates, maintenance records, and pictures of Defendant's vehicle and all other vehicles involved in the collision made the subject of this suit.

5. All investigation reports, accident reports, statements by witnesses (oral or recorded) concerning the accident made the subject of this suit.

6. Copy of your driving and accident record.

7. Any documents showing the names, addresses and phone number of all persons with knowledge of relevant facts regarding any matter in any way related to the issues involved in this lawsuit.

8. Photographs and videotapes identified in your response to the Interrogatories.

9. Narrative summaries prepared by any person identified in your response to the Interrogatories.

I 0. Photographs and videotapes of any surveillance of Defendant.

11. All medical records of Plaintiff received by Defendant.

12. All incident reports for any injury suffered by Plaintiff.

13. All documents where Plaintiffs signature is contained in the document.

14. All documents obtained pursuant to any authorization signed by Plaintiff.

15. All documents concerning any alleged criminal violation committed by Plaintiff.

16. All photographs or videotapes taken by Defend ant in response to Plaintiffs alleged injuries including, but not limited to, all videos or photographs taken by any private investigator for which

Defendant has access to the photographs or videotapes.

17. All documents concerning any of Plaintiffs 'previous or subsequent employers obtained by Defendant.

18. A copy of the accident report or any report prepared relating to this accident.

l9. Please provide any information you have which suggests Plaintiff(s), Defendant(s), or any witness identified in this law suit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude. Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

20. Please produce a copy of your current driver license, if any, both front and back.

21. Please produce a copy of your Social Security Card, if any, both front and back.

22. If you do not have a driver 's license, please produce a copy of any current identification card or document, both front and back.

23. Please produce a true and correct copy of the registration, certificate of insurance and title certificate of the vehicle that you were driving and/or leading in at the time of the accident.

24. Any deposit on transcripts, trial transcripts or other recorded testimony of witnesses listed by Defendant.

25. All documents pertaining to any other motor vehicle accidents in which you have been involved in during your life time.

26. Your cell phone records for calls made on the date of the accident.

27. All witness statements.

28. Any damages report or estimates for the vehicles you were operating at the time of the incident made the bas is of this law suit.

16

29. Any photos regarding the incident in question.

30. Any medic al records as a result of medical treatment for the incident in question.

31. Any citations and or court documents regarding the incident in question.

32. Your driving history for the last five years.

33. Your cell phone records for the day of the incident made the basis of this lawsuit, including but not limited to one hour before this incident, the time of this incident and one hour after this incident.

EXHIBIT "D"

REQUEST FOR ADMISSIONS TO DEFENDANT:

1.  That on or about the March 12, 2019 the vehicle you were obstructing the highway causing collision made basis to this suit.

RESPONSE:

2.  That you failed to move your trailer truck causing collision made basis to this suit

RESPONSE:

3.  That you are responsible for the crash.

RESPONSE:

4.  That Plaintiff was not at fault.

RESPONSE:

5.  That you are at fault.

RESPONSE:

6.  That Plaintiff s actions or non-actions did not contribute to this accident.

RESPONSE:

7.  That Plaintiff was not responsible.

RESPONSE:

8.  That on the date stated in Request for admissions 1o. and at the time of the collision made the basis of this suit, that this collision was avoidable.

RESPONSE:

9.  That on the date stated in Request for admissions 1o. and at the time of the collision made the basis of this suit that Plaintiff s conduct did not contribute to this accident.

RESPONSE:

10. That the condition of the road surface did not contribute to the cause of the collision.

RES PONSE:

11. That the lighting condition s did not contribute to the cause of the collision.

RESPONSE:

12. That the weather conditions did not contribute to the cause of the collision.

RESPONSE:

13. That a sudden emergency did not contribute to the cause of the collision.

RESPONSE:

14. That on the date of the collision, you did not maintain a proper lookout while driving his vehicle.

RESPONSE:

15. That Defendant's failure to maintain a proper lookout immediately before the collision was the proximate cause of the collision in question.

RESPONSE:

16. That Defendant was under the influence of drugs or alcohol when the collision occurred.

RESPONSE:

17. That Defendant had ingested drugs or alcohol within the 24 hours before the collision.

RESPONSE:

18. That your negligence was the sole proximate cause of the collision in question.

RESPONSE:

19. That your negligence was a proximate cause of the collision in question.

RESPONSE:

20. That Plaintiff did not contribute any negligence the cause of the collision in question.

RESPONSE:

21. That Plaintiff received injuries to several parts of his body as a result of the collision.

RESPONSE:

Exhibit B-To Notice of Removal



## Texas Department of Transportation

125 EAST 11TH STREET, AUSTIN, TEXAS 78701-2483 | 512.463.8588 | WWW.TXDOT.GOV

Thu, 11 March 2021

STATE OF TEXAS        §

This is to certify that I, Jim Hollis, am employed by the Texas Department of Transportation (Department); that I am the Custodian of Motor Vehicle Crash Records for such Department; that the attached is a true and correct copy of the peace officer's report filed with the Department referred to in the attached request with the crash date of Tue, 12 March 2019, which occurred in Winkler County; that the investigations of motor vehicle crashes by peace officers are authorized by law; that this Texas Peace Officer's Crash Report is required by law to be completed and filed with this Department; that this report sets forth matters observed pursuant to duty imposed by law as to which matters there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law.

Jim Hollis
Director, Crash Data & Analysis Section
125 East 11th Street
Austin, TX  78701-2483
1-844-274-7457



OUR VALUES:  *People • Accountability • Trust • Honesty*
OUR MISSION:  *Connecting You With Texas*

An Equal Opportunity Employer

Law Enforcement and TxDOT Use ONLY

☐ FATAL ☒ CMV ☐ SCHOOL BUS ☐ RAILROAD ☐ MAB ☐ SUPPLEMENT ☐ ACTIVE SCHOOL ZONE

| Total Num. Units | 3 | Total Num. Prsns. | 2 | TxDOT Crash 6959810.1 / 2019121133 |

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)**
Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields
*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

Page 1 of 5

## LOCATION

| *Crash Date (MM/DD/YYYY) | 03/12/2019 | *Crash Time (24HRMM) | 0 7 4 0 | Case ID | 20190312-00093 | Local Use | |

| *County Name | Winkler | *City Name | | | ☒ Outside City Limit |

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No

Latitude (decimal degrees): _____   Longitude (decimal degrees): _____

## IDENTIFICATION & LOCATION

**ROAD ON WHICH CRASH OCCURRED**

| 1 Rdwy. Sys. | SH | 2 Rdwy. Num. | 302 | Block Num. | | 3 Street Prefix | | *Street Name | | 4 Street Suffix |

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot   ☐ Toll Road/Toll Lane   Speed Limit 5   Const. Zone ☐ Yes ☒ No   Workers Present ☐ Yes ☒ No   Street Desc.

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

| At Int. | ☐ Yes ☒ No | 1 Rdwy. Sys. | LR | Hwy. Num. | | 2. Rdwy. Part | 1 | Block Num. | | Street Prefix | | Street Name | Standard Ave | 4 Street Suffix |

| Distance from Int. or Ref. Marker | 1000 | ☒ FT ☐ MI | 3 Dir. from Int. or Ref. Marker | E | Reference Marker | | Street Desc. | | RRX Num. | |

## VEHICLE, DRIVER & PERSONS

| Unit Num. | 1 | 5 Unit Desc. | | ☐ Parked Vehicle | ☐ Hit and Run | LP State | LA | LP Num. | P250285 | VIN | 1 1 X | K | Z | D | 4 | 9 | X | 2 | F | J | 4 | 4 | 5 | 6 | 0 | 8 |

| Veh. Year | 2 0 1 5 | 6. Veh. Color | Whi | Veh. Make | Kenworth Motor Truck Co | Veh. Model | Unk | | 7 Body Style | TT | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type | 1 | DL/ID State | LA | DL/ID Num. | 8349058 | 9 DL Class | 98 | 10 CDL End. | 96 | 11 DL Rest. | 98 | DOB (MM/DD/YYYY) | 0 1 1 2 1 1 9 8 3 |

Address (Street, City, State, ZIP): 456 ROGER ROAD, LAFAYETTE, LA 70507

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | LOUIS, NICHOLAS JR | N | 36 | B | 1 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☒ Owner ☐ Lessee   Owner/Lessee Name & Address   Focus Transport Llc , 100 N Pat St, Scott, LA 70583

| Proof of Fin. Resp. | ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type | 2 | Fin. Resp. Name | Threhold & Company Insurance | Fin. Resp. Num. | Wsc18012304 |

| Fin. Resp. Phone Num. | (903) 581-0077 | 27 Vehicle Damage Rating 1 | N A 0 | 27 Vehicle Damage Rating 2 | | Vehicle Inventoried | ☐ Yes ☒ No |

Towed By: _____   Towed To: _____

## VEHICLE, DRIVER & PERSONS

| Unit Num. | 2 | 5 Unit Desc. | 6 | ☐ Parked Vehicle | ☐ Hit and Run | LP State | LA | LP Num. | L831261 | VIN | 1 U N S T 4 2 2 2 F L 1 3 0 0 7 6 |

| Veh. Year | 2 0 1 5 | 6. Veh. Color | Whi | Veh. Make | Drpu | Veh. Model | Unk | | 7 Body Style | TL | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type | | DL/ID State | | DL/ID Num. | | 9 DL Class | | 10 CDL End. | | 11 DL Rest. | | DOB (MM/DD/YYYY) | |

Address (Street, City, State, ZIP): _____

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☒ Owner ☐ Lessee   Owner/Lessee Name & Address   Focus Transport Llc , 116 Lafferty Drive, Broussard, LA 70518

| Proof of Fin. Resp. | ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type | 2 | Fin. Resp. Name | Threlheld & Company Insurance | Fin. Resp. Num. | Wsc18012304 |

| Fin. Resp. Phone Num. | (903) 581-0077 | 27 Vehicle Damage Rating 1 | 5 R P | 27 Vehicle Damage Rating 2 | | Vehicle Inventoried | ☐ Yes ☒ No |

Towed By: _____   Towed To: _____

Copy from Custodial File

Law Enforcement and TxDOT Use ONLY.
Form CR-3   (Rev. 1/1/2018)

Case ID: 20190312-00093

TxDOT Crash ID:

Page 2 of 5

**DISPOSITION OF INJURED/KILLED**

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**CHARGES**

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| 1 | 1 | Impeding Traffic | 31104 |
| | | | |
| | | | |

**DAMAGE**

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| NONE | | |

**CMV**

| Unit Num. | 1 | ☒ 10,001+ LBS. | ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 9+ CAPACITY | CMV Disabling Damage? ☐ Yes ☒ No | 28 Veh. Oper. 1 | 29 Carrier ID Type 1 | Carrier ID Num. 02489862 |

Carrier's Corp. Name: Focus Transport Llc   Carrier's Primary Addr. 10504 County Rd 490, Tyler, TX 75706   30 Veh. Type 8

| 31 Bus Type 0 | ☐ RGVW ☒ GVWR | 8 0 0 0 0 | HazMat Released ☐ Yes ☒ No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Type 4 |

| Unit Num. 2 | ☐ RGVW ☒ GVWR | 8 0 0 0 0 | 34 Trlr. Type 1 | CMV Disabling Damage? ☐ Yes ☒ No | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | CMV Disabling Damage? ☐ Yes ☒ No |

| Sequence Of Events | 35 Seq. 1  13 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Intermodal Shipping Container Permit ☐ Yes ☒ No | Actual Gross Weight | Total Num. Axles: |

**FACTORS & CONDITIONS**

| 36 Contributing Factors (Investigator's Opinion) | | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit # | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 1 | 66 | | | | 6 | 2 | 97 | 1 | 1 | 2 | 3 |

**NARRATIVE AND DIAGRAM**

Investigator's Narrative Opinion of What Happened (Attach Additional Sheets if Necessary)

Units#1 & 2 attempted to make a U-Turn at 100 block of West Hwy 302 onto a Private Drive. Unit# 3 was traveling eastbound on West Hwy 302. Unit# 3 failed to see Unit# 2 causing to Unit#3 FD to Stike Unit# 2 RP.

End Of
Report R.N # 105

Indicate North

Field Diagram - Not to Scale

Private Drive

Unit#3

P.O.I.

Unit#2

West Hwy 302

**INVESTIGATOR**

| Time Notified (24HR:MM) 0 7 4 3 | How Notified Dispatched | Time Arrived (24HR:MM) 0 7 4 4 | Report Date (MM/DD/YYYY) 03/12/2019 | |
|---|---|---|---|---|
| Invest. Comp. ☒ Yes ☐ No | Investigator Name (Printed) Nunez, Ricardo | | | ID Num. 105 |
| ORI Num. T X 2 4 8 0 0 0 0 | *Agency WINKLER COUNTY SHERIFF'S OFFICE | | Service/Region/DA | |

Copy from Custodial File

**Law Enforcement and TxDOT Use ONLY**

☐ FATAL  ☒ CMV  ☐ SCHOOL BUS  ☐ RAILROAD  ☐ MAB  ☐ SUPPLEMENT  ☐ ACTIVE SCHOOL ZONE

| Total Num. Units | 3 | Total Num. Prsns. | 2 | TxDOT Crash ID |
|---|---|---|---|---|

### Texas Peace Officer's Crash Report (Form CR-3 1/1/2016)

Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields
*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.)

Page 3 of 5

**IDENTIFICATION & LOCATION**

| *Crash Date (MM/DD/YYYY) | 03/12/2019 | *Crash Time (24HRMM) | 0 7 4 0 | Case ID | 20190312-00093 | Local Use | |
|---|---|---|---|---|---|---|---|

| *County Name | Winkler | *City Name | | | ☒ Outside City Limit |
|---|---|---|---|---|---|

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No    Latitude (decimal degrees) —    Longitude (decimal degrees) —

**ROAD ON WHICH CRASH OCCURRED**

| *1 Rdwy. Sys. | SH | *1 Hwy. Num. | 302 | 2 Rdwy. Part | 1 | Block Num. | | 3 Street Prefix | | *Street Name | | 4 Street Suffix |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot    ☐ Toll Road/Toll Lane    Speed Limit 5    Const. Zone ☐ Yes ☒ No    Workers Present ☐ Yes ☒ No    Street Desc.

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

| At Int. | ☐ Yes ☒ No | 1 Rdwy. Sys. | LR | 1 Hwy. Num. | | 2. Rdwy. Part | 1 | Block Num. | | 3 Street Prefix | | Street Name | Standard Ave | 4 Street Suffix |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Distance from Int. or Ref. Marker | 1000 | ☒ FT ☐ MI | 3 Dir. from Int. or Ref. Marker | E | Reference Marker | | Street Desc. | | RRX Num. | |
|---|---|---|---|---|---|---|---|---|---|---|

**VEHICLE, DRIVER, & PERSONS**

| Unit Num. | 3 | 5 Unit Desc. | 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State | TX | LP Num. | 410855D | VIN | 1 B 7 H C 1 6 Y 0 J S S 3 7 1 0 2 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Veh. Year | 1 9 9 5 | 6. Veh. Color | Grn | Veh. Make | Dodge | Veh. Model | Ram 1500 | 7 Body Style | PK | ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|---|---|---|---|---|

| 8 DL/ID Type | 1 | DL/ID State | TX | DL/ID Num. | 26371548 | 9 DL Class | C | 10 CDL End. | 96 | 11 DL Rest. | A | DOB (MM/DD/YYYY) | 1 0 1 1 7 1 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP)    7945 LA JOLLA DR #B, EL PASO, TX 79915

| Person Num. | 1 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | TARANGO, JAMIE | C | 48 | H | 1 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☒ Owner ☐ Lessee    Owner/Lessee Name & Address    Jamie Tarango, 7945 La Jolla Dr #B, El Paso, TX 79915

| Proof of Fin. Resp. | ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type | 2 | Fin. Resp. Name | Loya Insurance Company | Fin. Resp. Num. | 65/565353700 |
|---|---|---|---|---|---|---|---|---|

Fin. Resp. Phone Num. (915) 778-9600    27 Vehicle Damage Rating 1  1 2 - F D - 6    27 Vehicle Damage Rating 2  -  -    Vehicle Inventoried ☐ Yes ☒ No

Towed By Winkler County Towing, S. Hwy 18, Kermit    Towed To S. Hwy 18, Kermit, TX 79745

---

| Unit Num. | | 5 Unit Desc. | | ☐ Parked Vehicle | ☐ Hit and Run | LP State | | LP Num. | | VIN | |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Veh. Year | | 6. Veh. Color | | Veh. Make | | Veh. Model | | 7 Body Style | | ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|---|---|---|---|---|

| 8 DL/ID Type | | DL/ID State | | DL/ID Num. | | 9 DL Class | | 10 CDL End. | | 11 DL Rest. | | DOB (MM/DD/YYYY) | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP)

| Person Num. | 1 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☐ Owner ☐ Lessee    Owner/Lessee Name & Address

| Proof of Fin. Resp. | ☐ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type | | Fin. Resp. Name | | Fin. Resp. Num. | |
|---|---|---|---|---|---|---|---|---|

Fin. Resp. Phone Num.    27 Vehicle Damage Rating 1    27 Vehicle Damage Rating 2    Vehicle Inventoried ☐ Yes ☐ No

Towed By    Towed To

Copy From Custodial File

Law Enforcement and TxDOT Use ONLY.
Form CR-3   (Rev. 1/1/2018)

| Case ID | 20190312-00093 | TxDOT Crash ID |
|---|---|---|

**DISPOSITION OF INJURED/KILLED**

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| 3 | 1 | Winkler County Memorial Hospital , Kermit , Texas | Winkler County Ems | | |
| | | | | | |
| | | | | | |
| | | | | | |

**CHARGES**

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**DAMAGE**

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |
| | | |

**CMV**

| Unit Num. | □ 10,001+ LBS. | □ TRANSPORTING HAZARDOUS MATERIAL | □ 9+ CAPACITY | CMV Disabling Damage? □ Yes □ No | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num. | |
|---|---|---|---|---|---|---|---|---|

| Carrier's Corp. Name | | Carrier's Primary Addr. | | 30 Veh. Type |
|---|---|---|---|---|

| 31 Bus Type | □ RGVW □ GVWR | HazMat Released □ Yes □ No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Type |
|---|---|---|---|---|---|---|---|

| Unit Num. | □ RGVW □ GVWR | 34 Trlr. Type | CMV Disabling Damage? □ Yes □ No | Unit Num. | □ RGVW □ GVWR | 34 Trlr. Type | CMV Disabling Damage? □ Yes □ No |
|---|---|---|---|---|---|---|---|

| Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Intermodal Shipping Container Permit □ Yes □ No | Actual Gross Weight | Total Num. Axles: |
|---|---|---|---|---|---|---|---|

**FACTORS & CONDITIONS**

| 36 Contributing Factors (Investigator's Opinion) | | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit # | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 3 | 20 | | | | | | | | | | |

**NARRATIVE AND DIAGRAM**

Investigator's Narrative Opinion of What Happened (Attach Additional Sheets if Necessary)

Indicate North

Field Diagram - Not to Scale

**INVESTIGATOR**

| Time Notified (24HR:MM) | 0 7 4 3 | How Notified | Dispatched | Time Arrived (24HRMM) | 0 7 4 4 | Report Date (MM/DD/YYYY) | 03/12/2019 |
|---|---|---|---|---|---|---|---|

| Invest. Comp. | ☒ Yes □ No | Investigator Name (Printed) | Nunez, Ricardo | | | | ID Num. 105 |
|---|---|---|---|---|---|---|---|

| ORI Num. | T X 2 4 8 0 0 0 0 | *Agency | WINKLER COUNTY SHERIFF'S OFFICE | Service/ Region/DA |
|---|---|---|---|---|

Copy from Custodial File

**CRASH DIAGRAM**

CASE NUMBER: 20190312-00093          OFFICER NAME: Nunez, Ricardo          NEAREST CITY:

CRASH DATE/TIME: 3/12/2019 7:40:55 AM          COUNTY: Winkler



Private Drive

P.O.I.

Unit#2

West Hwy 302

Copy from Custodial File

Exhibit C-To Notice of Removal

State of
Louisiana
Secretary of
State



**COMMERCIAL DIVISION**
**225.925.4704**

Fax Numbers
225.932.5317 (Admin. Services)
225.932.5314 (Corporations)
225.932.5318 (UCC)

---

| Name | Type | City | Status |
|---|---|---|---|
| FOCUS TRANSPORT, LLC. | Limited Liability Company | SCOTT | Active |

**Previous Names**

**Business:** FOCUS TRANSPORT, LLC.

**Charter Number:** 41468634K

**Registration Date:** 3/24/2014

**Domicile Address**
100 N PAT STREET
SCOTT, LA 70583

**Mailing Address**
100 N PAT STREET
SCOTT, LA 70583

## Status

| | |
|---|---|
| **Status:** | **Active** |
| **Annual Report Status:** | **In Good Standing** |
| **File Date:** | 3/24/2014 |
| **Last Report Filed:** | 4/3/2020 |
| **Type:** | Limited Liability Company |

## Registered Agent(s)

| Agent: | CHAD FARRIS |
|---|---|
| Address 1: | 100 N PAT STREET |
| City, State, Zip: | SCOTT, LA 70583 |
| Appointment Date: | 3/24/2014 |

## Officer(s)

Additional Officers: No

| Officer: | CHAD FARRIS |
|---|---|
| Title: | Manager |
| Address 1: | 108 DUNVEGAN COURT |
| City, State, Zip: | LAFAYETTE, LA 70503 |

| Officer: | KEVIN GUILLORY |
|---|---|
| Title: | Member |
| Address 1: | 2305 TERRE RUELLE |
| City, State, Zip: | NEW IBERIA, LA 70563 |

| Officer: | MARCUS YOUNG |
|---|---|

| Title: | Member |
| Address 1: | 440 HEIDI CIRCLE |
| City, State, Zip: | LAFAYETTE, LA 70583 |

## Amendments on File (2)

| Description | Date |
|---|---|
| Appointing, Change, or Resign of Officer | 7/13/2015 |
| Appointing, Change, or Resign of Officer | 4/10/2020 |

Print